WESTERN UNION TELEGRAPH CO. *v.* CHARLES R. HALL.

TELEGRAPH COMPANY. *Penalty. Code* 1892, *§* 4326.

> Code 1892, § 4326, authorizing the recovery of a penalty against a telegraph company for a failure to transmit a message correctly and deliver the same within a reasonable time, is to be strictly construed, and does not give the penalty for delay in the transmission of a message which is promptly delivered after reception at the point of destination.

FROM the circuit court of, second district, Perry county.

HON. JOHN R. ENOCHS, Judge.

Hall, appellee, was plaintiff, and the telegraph company, appellant, was defendant in the court below. The suit was for the recovery of the statutory penalty, and, in addition, for actual damages suffered. The statute, code 1892, giving the penalty is in these words:

"4326. MESSAGES DELIVERED; PENALTY FOR NEGLECT.—A telegraph or telephone company shall deliver all messages addressed to a person residing or having a place of business in any city, town or village where it may have an office, or within one mile of its office; and if any telegraph or telephone company shall receive any message or matter for transmission, and shall fail, neglect, or refuse, without good and sufficient reason, to transmit correctly and deliver the same within a reasonable time to the person addressed, such person, or the person injured, shall be entitled to recover of the company in default the sum of twenty-five dollars, in addition to damages for any injury."

On the day on which the telegram was delivered to the telegraph company, appellee was a passenger on the Gulf & Ship Island Railroad to some station below Hattiesburg, and when he reached Hattiesburg, about 2 P.M., he sent from the train, by a negro man, to the office at Hattiesburg, the following telegram: "To J. H. Overstreet, Brooklyn, Miss.: Meet me at train and bring my mail. C. R. Hall." The messenger returned

to the train on which appellee was a passenger, and reported to him that the message had been delivered to the company at the office in Hattiesburg, the same being prepaid. The message was not transmitted to Brooklyn until about 10 o'clock the following day. The train on which the appellee was traveling passed Brooklyn about 4 o'clock of the same day that the message was delivered to the appellant, and the addressee of the telegram had a place of business within one hundred yards of the office at Brooklyn, which was known to the agent of the telegraph company at that place. Appellee testified in the court below that if the message had been promptly transmitted, and delivered before the train reached Brooklyn, he would have received the mail called for in the message, and that by receiving same he would have avoided a trip to Moss Point, and return trip to Brooklyn, which he made because he did not receive his mail as he passed through Brooklyn. There was testimony for the defense tending to show that there had been a storm, and that the wires were down, and that the delay in the transmission of the message was on account of these facts, and that when the message was delivered at Hattiesburg for transmission the negro who delivered the same was told of the condition of the wires, and the probable inability to get the message through. This testimony, however, was controverted by appellee. There was judgment in the court below in favor of plaintiff for $25 penalty and $29.65 damages. From this judgment the defendant appealed to the supreme court.

*Hall & Leverett* and *Mayes & Harris,* for appellant.

The case of *Marshall* v. *Telegraph Co.,* 27 So. Rep., 614; *ante,* p. 154, is conclusive of this case; the recovery of the statutory penalty was error, for which we ask a reversal.

*S. E. Travis,* for appellee.

*Marshall* v. *Telegraph Co.,* 27 So. Rep., 614, *ante,* p. 154, went off on the idea that the message there involved was an

interstate one, and that our statute, § 4326, code 1892, has no extraterritorial effect. The present case is strictly within the terms of the statute.

WHITFIELD, C. J., delivered the opinion of the court.

The case is controlled by *Marshall* v. *Telegraph Co.*, 27 So. Rep., 614, *ante,* 154. Actual damages only should have been allowed.

*Reversed and remanded.*