WESTERN UNION TELEGRAPH COMPANY *v.* WILLIAM PALLOTTA.

1. TELEGRAPH COMPANY.  *Statutory Penalty.*  *Code* 1892, § 4326.  *Delivery
of message.  Delay.*

> A verdict for the plaintiff in a suit against a telegraph company for
> the statutory penalty, under code 1892, § 4326, for failure to deliver
> a message in a reasonable time, will not be set aside if it be sup-
> ported by evidence, although there be a conflict in the evidence as
> to whether the delay was in its transmission or its delivery after
> transmission.

2. SAME.  *Special damage.  Loss of job.  When not recoverable.*

> In a suit against a telegraph company for special damages for the
> loss of a job, the plaintiff cannot recover in the absence of evi-
> dence showing the character of the job, its probable duration, and
> that the loss was occasioned by the negligence of the defendant.

FROM the circuit court of Rankin county.

HON. JOHN R. ENOCHS, Judge.

Pallotta, appellee, was plaintiff in the court below; the tele-
graph company, appellant, was defendant there.   From a
judgment in plaintiff's favor defendant appealed to the supreme
court.   The opinion states the facts.

*Mayes & Harris*, for appellant.

The only question in this case is whether the plaintiff, under
the evidence, was entitled to recover anything at all.   He was
not entitled to recover the special damages to which he testified
because there was nothing on the face of the message, nor was
there anything which transpired between Pallotta and the tele-
graph company, by which the company could be put upon
notice that any such damages as he claimed would follow upon
a failure to transmit and deliver the message promptly.   *Jacobs*
v. *Tel. Co.*, 76 Miss., 278; *Tel. Co.* v. *Clifton*, 68 Miss., 307.

The plaintiff could not even recover the price of the message, because the testimony shows he paid nothing. There was nothing whatever to indicate that he would go off if he did not get an answer to the message, and there was certainly nothing to indicate to the telegraph company that he would lose a job by going and be out of work two weeks or ten days, and all that testimony should have been excluded from the jury.

The statutory penalty in this case cannot be recovered. The evidence shows a delay in transmission and not a delay in delivery, consequently the statutory penalty could not be recovered as is settled by this court in the cases of *Tel. Co.* v. *Hall*, 79 Miss., 623; *Marshall* v. *Tel. Co.*, 79 Miss. 154.

*William Buchanan*, for appellee.

The penalty and actual damages may be recovered in the same action. *Telegraph Co.* v. *McLaurin*, 70 Miss., 26, and gains prevented as well as losses sustained. *Fairley* v. *Tel. Co.*, 73 Miss., 6.

In *W. U. Tel. Co.* v. *Hall*, 79 Miss., 623, where it was held that the statute does not give the penalty for delay in transmission of a message which is promptly delivered after reception at the point of destination, there was testimony for the defendant tending to show that there had been a storm, the wires were down and the delay in transmission of the message was on account of these facts, and when the message was delivered for transmission the person who delivered the message was told of the condition of the wires and of the probable inability to get the message through. No such evidence appears in the case now under consideration. There is no evidence that the message was delayed in transmission at all. The only evidence on the point, if it can be called evidence, is the copy of the telegram which was delivered to the sender at 10 o'clock on the 10th day of October, which showed in the handwriting of the agent at Star that it was received the day before at 7:12 A.M.

The plaintiff proved the undertaking, the delay in delivery and the damages resulting and the burden of proof was on the telegraph company to show that the delay was caused by some agency for which it was not responsible.    25 Am. & Eng. Ency. Law, p. 830, note 3.

Argued orally by *J. B. Harris*, for appellant.

TERRAL, J., delivered the opinion of the court.

William Pallota sued the Western Union Telegraph Company in the sum of $25 for statutory damages, and for the further sum of $100 for special damages, for failure to deliver within a reasonable time a message sent by him from Vicksburg to Mamie Pallotta, at Star, Miss.    He claimed special or actual damages because of loss of a job at Vicksburg, and the jury assessed his entire damages at $70.    It was in evidence that the telegram was delivered for transmission at the appellant's office at Vicksburg on Monday, the 8th day of October, 1901, and upon that day the agent there informed Pallotta that the message had been sent; but, receiving no answer, he took the train that evening and arrived in Star on the 9th of October, when the agent there said his telegram had not been received. On the 10th of October the message was delivered in Star, and on its face bore evidence that it had been received at Star on the 9th of October.    It must be obvious, therefore, that the message was not seasonably delivered, or if the time of its reception at Star be, upon the evidence, uncertain, yet the finding of the jury has settled that point in favor of the appellee. The finding of the jury therefore supports the contention of the appellee as to the $25 statutory damages sued for.

The plaintiff below testified he was a carpenter by trade, and had on the 8th of October secured a job in Vicksburg; but the character or extent of the job, or for what time it was to continue, is not shown.    There is nothing in the record to show what damages he had suffered by the loss of the job.    That'

upon the evidence, would be a matter of mere conjecture ; and conjecture, it has often been said, cannot support a verdict. It does not appear from the evidence in the case that Pallotta would have lost his job with Cane & Patrick at Vicksburg if he had returned there on the night of the 9th of October, as he well could have done. His only excuse for not returning appears to have been that he had no money upon which to return. That, however, was the personal misfortune of the appellee, and not the fault of the appellant. We find no evidence in the record to support the finding of the jury for any special damages.

If the excess of $25 for statutory damages be remitted, the judgment will be affirmed; otherwise it will be reversed, and the cause remanded for a new trial.