WALTER A. HILLEY *v.* WESTERN UNION TELEGRAPH COMPANY.

1. TELEGRAPH COMPANY. *Messages. Delay in transmission. Damages. Forwarding order.*

The negligent failure by a telegraph company to transmit a message ordering another message, to be forwarded to plaintiff, whereby he failed to be notified of the condition of his sick child, does not entitle plaintiff to recover the cost of a railroad journey to see the child, since he could have learned the condition of the child by another message.

2. SAME. *Penalty. Code* 1892, § 4326.

Code 1892, § 4326, imposing a penalty on telegraph companies for transmitting a message incorrectly or for unreasonable delay in the delivery of a message after its transmission, does not apply to a case of failure or delay in transmitting.

FROM the circuit court of Warren county.

HON. GEORGE ANDERSON, Judge.

Hilley, the appellant, was plaintiff, and the telegraph company, the appellee, defendant in the court below. From a judgment in defendant's favor the plaintiff appealed to the supreme court. The opinion states the facts of the case.

*Hudson & Fox,* for appellant.

Is appellant entitled to recover of appellee the penalty of twenty-five dollars imposed by § 4326, Code 1892?

The usual route for sending messages from Meridian to McComb City was by way of New Orleans through a relay office. The message in question was sent to the relay office at New Orleans, but was never transmitted from that office to McComb City, and consequently was never delivered to the sendee.

The penalty is inflicted for a failure "to transmit correctly and deliver the same within a reasonable time to the person addressed." Then the question is this: What must appellee do in order to avoid the penalty? And sec. 4326 of the code says ap-

pellee must do this, and all of this: "Transmit correctly and deliver the same within a reasonable time" to the person addressed.

Whenever appellee fails to perform any one of the constituent parts of this command, it is liable to the penalty. If it should deliver the message to any other than the person addressed, it would be liable. When it fails to "transmit correctly," it is liable. *Wilkins* v. *W. U. Tel. Co.*, 68 Miss., 6. It is liable for a failure "to deliver within a reasonable time." *Tel. Co.* v. *Pallotta,* 81 Miss., 216. If it should fail to deliver it to any person, it would be liable.

Appellee is in the anomalous position of confessing that it has failed to do anything and everything, without exception, which sec. 4326 says it must do or pay the penalty, without pleading any excuse whatever, and still denying its liability. And its grounds for denying liability are that its failure of its duty to appellant, as laid down in sec. 4326, was total instead of partial.

*Smith, Hirsh & Landau,* for appellee.

The plaintiff is not entitled to the statutory penalty, because the delay complained of was not in the "delivery," but was in the "transmission," of the message from Merdian to McComb City, and because the message was an "interstate" telegram, and not within the operation of § 4326, Code 1892.

"Code 1892, § 4326, imposing a penalty on telegraph companies for failure to transmit correctly and deliver telegrams within a reasonable time, does not apply to a case of delay in transmitting." *Marshall* v. *W. U. Tel. Co.,* 79 Miss., 154. This case is followed and cited in *W. U. Tel. Co.* v. *Hall,* 79 Miss., 623; *W. U. Tel. Co.* v. *Pallotta,* 81 Miss., 216.

The case of *W. U. Tel. Co.* v. *Jones,* 69 Miss., 658, which was decided under the acts of 1886, and not the code of 1892, has no application here, so far as it permitted the plaintiff there to recover the statutory penalty.

"A state statute undertaking to impose a penalty on a telegraph company for delay in transmission of a telegram from one state to another interferes with interstate commerce within the meaning of sec. 8, art. 1, of the Federal constitution, empowering congress to regulate commerce among the states." *Marshall* v. *W. U. Tel. Co.,* 79 Miss., 154; *W. U. Tel. Co.* v. *Alexander,* 66 Miss., 161; *W. U. Tel. Co.* v. *Pendleton,* 122 U. S., 347.

The plaintiff was not entitled to the special damage claimed, because there was nothing on the face of the message to inform the telegraph company that such damages would probably result from a failure by the said company to deliver the message. The damage claimed is too remote, because, even had the telegram been delivered, appellee would have gone to Sugar Valley and would have incurred the identical expense sued for, and because, by sending a message direct to his wife from Vicksburg, plaintiff could easily and cheaply have learned the condition of his child.

CALHOON, J., delivered the opinion of the court.

Mr. Hilley was a commercial traveler, with his home at Sugar Valley, Ga., where his family was, and, as part of it, a sick child. On August 11, 1903, being at Meridian, Miss., he wired his wife at Sugar Valley: "Wire me, McComb City, Miss., how sick are." Mrs. Hilley promptly received this message, and on that day, August 11th, wired him, directing the message to McComb City, "Sick are no better;" and this message was duly transmitted to McComb City, but not delivered, because Mr. Hilley was not there. In fact, after wiring this dispatch to his wife, he had an order to go to Vicksburg, and so could not go to McComb City. Because of this change in his itinerary, he, on that same August 11th, wired appellee's manager at McComb City: "Forward all telegrams for me to Vicksburg, Miss." This message is the cause of the trouble. It was the custom of the company, un-

known, however, to appellant, to send dispatches from Meridian to McComb City by way of New Orleans, La., as the most expeditious and convenient way on their line, New Orleans being a relay station and repeating the messages. But in this instance, by some oversight, it did not repeat the message in question to McComb City. In this situation Mr. Hilley, anxious about his child, went often, on August 12th, to the Vicksburg office to inquire for the telegram he had ordered forwarded, but, of course, there was none there, and, instead of wiring from that office direct to Sugar Valley, as he might have done to relieve his uneasiness, he took a train and went there. He claims the expenses of that journey to and fro, to which we do not think he is entitled, as part of his actual damages, and also for the statutory penalty under Code 1892, § 4326. The court below refused both, and gave him judgment for only the cost of his telegram to the manager at McComb City, which was not repeated from New Orleans. The refusal of the expenses of his journey is assigned as error, but not urged in the brief of counsel for appellant, which is confined to a very perspicuous and strong argument that their client is entitled to the penalty. But this court is thoroughly committed to the view that the statute "limits the penalty as to transmission to transmitting incorrectly." *Marshall* v. *Telegraph Co.,* 79 Miss., 162 (27 South., 614; 89 Am. St. Rep., 585) ; *Telegraph Co.* v. *Hall,* 79 Miss., 623 (31 South., 202) ; *Telegraph Co.* v. *Pallotta,* 81 Miss., 216 (32 South., 310). We do not decide whether or not, in the particular case before us, the statute is unavailable because an interference with interstate commerce, as argued by counsel for appellee on the basis of *Marshall* v. *Tel. Co.,* 79 Miss., 154 (27 South., 614; 89 Am. St. Rep., 585) ; *Alexander* v. *Telegraph Co.,* 66 Miss., 161 (5 South., 397; 3 L. R. A., 71; 14 Am. St. Rep., 556) ; *Hanley* v. *Ry. Co.,* 187 U. S., 617 (23 Sup. Ct., 214; 47 L. ed., 333) ; and other cases.

*Affirmed.*