LORN STEINBERGER v. WESTERN UNION TELEGRAPH COMPANY.

[52 South. 691.]

TELEGRAPH COMPANY.    *Failure to deliver message.    No excuse offered. Punitive damages.*

Where a telegraph company failed to deliver a message and failed to offer any excuse therefor, it was liable, within the discretion of the jury, for punitive damages in an action by the addressee.

FROM the circuit court of Lee county.

HON. EUGENE O. SYKES, Judge.

Steinberger, appellant, was plaintiff in the court below; the telegraph company, appellee, was defendant there. From a judgment in favor of the defendant the plaintiff appealed to the supreme court.    The facts are stated in the opinion of the court.

*James A. Finley,* for appellant.

Proof that a telegram was unreasonably delayed in delivery or that delivery was not made at all is legally sufficient to raise a presumption of negligence and cast upon the telegraph company the burden of showing facts excusing such default.    12 Ency. Ev. 410.    The appellee company had in possession for over three months a telegram which was delivered to it for transmission and for which the transmission charges had been paid; and yet the telegram has never been delivered nor has any excuse for failure to deliver been offered.    It is hard to conceive of a more reckless disregard for appellant's rights.

In the case of *Western Union Tel. Co. v. Hiller,* 93 Miss. 658, 47 South. 377, where the message was delivered to the company at Lynchburg, Virginia, at one o'clock p. m., and was not delivered to addressee at Canton, Mississippi, until the next morning between seven and eight o'clock, WHITFIELD, C. J., speaking for the court said: "We are satisfied that the case was a proper one for the imposition of punitive damages."

Where there was a delay of twelve hours in the delivery of a telegram, the Texas court held this constituted gross negligence. *Jones v. Roach,* 54 S. W. 240.

In *Thompson v. Western Union Tel. Co.,* 12 S. E. 427, it was held that a delay of twenty-four hours constituted gross negligence.    Likewise in *Western Union Tel. Co. v. Cain,* 42 N. E. 655, and *Western Union Tel. Co. v. McIlvoy,* 55 S. W. 428, where the delay was three days.

The question of the right of the sendee is settled in *Western Union Tel. Co. v. Allen,* 66 Miss. 549, 6 South. 461.

*J. B. Harris,* for appellee.

No rule is better settled in this state than that there can be no recovery in telegraph cases for mere mental anguish or disturbance except in cases where punitive damages are recover-

able.    *Dorrah v. Railroad Co.,* 65 Miss. 14; *Rogers v. Telegraph Co.,* 68 Miss. 748; *Railroad Co. v. Marlett,* 78 Miss. 872; *Western Union Tel. Co. v. Spratley,* 84 Miss. 86; *Cock v. Western Union Tel. Co.,* 84 Miss. 380; *Baker v. Cumberland Co.,* 85 Miss. 486; *Pullman Co. v. Frank,* 86 Miss. 87; *Cumberland Telephone Co. v. Allen,* 89 Miss. 832.

In the case of *Railroad Co. v. Marlett, supra,* the court announced clearly the rule for infliction of punitive damages as follows: "A wilful wrong that gives a cause of action for the imposition of exemplary damages, but must be denoted by a wrongful act done with knowledge of its wrongfulness." See *Cock v. Western Union Tel. Co.,* 84 Miss. 380.

Whether the act complained of warrants exemplary damages or not must be determined by the facts of the record in the light of the settled principles that compensation is the rule and punishment the exception justified only by circumstances of outrage, malice, oppression or wilful wrong, or in cases suited to its application, such wanton, reckless or grossly careless conduct as is equivalent to a bad intent to do hurt to body or feelings.    *Telephone Co. v. Baker,* 85 Miss. 486; *Telephone Co. v. Allen,* 89 Miss. 382.

It is equally well settled that to justify the awarding of exemplary damages for wrongful acts the burden of proof is upon the plaintiff to show by competent evidence that the acts complained of were malicious and wanton.    4 Ency. Ev. 8.

Malice, fraud and wantoness are never presumed or inferred from the mere proof of a breach of a duty.    This was settled in this state in the case of *Williams v. Newberry,* 32 Miss. 256.

There is no case to be found in the decisions of this court or elsewhere wherein punitive damages have been allowed where nothing appeared from the evidence beyond the naked failure to perform a duty.    In all cases in this state there have been some peculiar circumstances of aggravation which take the case

out of the rule.    *Watson v. Western Union Tel. Co.,* 82 Miss. 101; *Miller v. Western Union Tel. Co.,* 47 South. 377.

Punitive damages are never inflicted upon a common carrier of goods by mere proof of failure to deliver the goods, or by mere proof of the loss of goods.    All that such proof does is to raise a presumption of negligence, entitling the party complaining to compensatory damages, unless this presumption is rebutted by evidence offered by the carrier.    See 12 Ency. Ev. 410.    There is no plausible reason which can be suggested for applying a different rule to a telegraph company.

There was nothing shown in the case at bar but that a telegram had been filed with the telegraph company for transmission, and that the same was never received by the party to whom it was addressed.    The telegram was not important on its face, and nothing whatever was disclosed to the company by which it could be put upon notice that any damages, such as are claimed in this case, would result from a failure to promptly transmit and deliver the message.

*E. O. Sykes,* Jr., on the same side.

We admit that proof of failure to transmit within a reasonable time, or a total failure to transmit, makes out a *prima facie* case of mere negligence, but it does not make out a *prima facie* case of gross, wilful or wanton negligence, for which punitive damages can be recovered.    If it did, then for every breach of contract, the proof of the breach would be *prima facie* proof of the fact that it was a wilful or wanton case of negligence.

As applied to the case of loss of a consignment of goods by a common carrier, proof of the loss or non-delivery has never been deemed *prima facie* proof of gross negligence, for which a recovery of punitive damages may be had.    It is only *prima facie* proof of simple negligence.    And this is the true rule in the instant case, and is correctly stated.    12 Ency. Ev. 410.

The very nature of punitive damages shows that the same can be recovered only when the negligence complained of was more than simple negligence, and the facts tending to show this must be proved and are not to be inferred.   Thompson on Negligence, 246; *Vicksburg, etc., Co. v. Marlett,* 79 Miss. 873.

It was held in *Duncan v. Western Union Tel. Co.,* 93 Miss. 500, 47 South. 552, that the mistake of changing the word "well" into the word "ill" was negligence.   If that was only negligence, then the failure in this case to transmit or deliver can only be negligence.

In *Western Union Tel. Co. v. Pierce,* 82 Miss. 487, the message was sent in the afternoon of one day from Water Valley to McComb City, and was not delivered to the addressee until twelve o'clock the next day.   There was no testimony as to the delay, just as there is none in this case as to the failure, yet the court held that the delay, though unreasonable, was only negligence.   This same case ably discusses the recovery of special damages.

The *Spratley case,* 84 Miss. 86, was one wherein the lower court allowed a punitive charge, and this supreme court reversed a judgment against the company stating that it was not a case for punitive damages.

In the *Hilley case,* 85 Miss. 67, the message was never transmitted and yet plaintiff was not allowed to recover anything of the company except the cost of his message as actual damages.

Another case which discusses the awarding of punitive damages is *Cumberland, etc., Co. v. Baker,* 85 Miss. 486, to which we invite the attention of the court.

Appellant was not the addressee of the message and cannot therefore recover the price paid for sending the same.

Argued orally by *J. B. Harris,* for appellee.

SMITH, J., delivered the opinion of the court.

Appellant instituted suit in the court below to recover of appellee punitive damages for its alleged wanton and wilful negligence in failing to deliver a telegram.    On Wednesday, the 4th day of November, 1908, a telegram was delivered to appellee at Eureka, Kan., for transmission to appellant at Tupelo, Miss. This telegram was never delivered, and so far as the evidence discloses no attempt was made by appellee so to do.    At the close of the evidence a peremptory instruction was given on behalf of appellee, and there was a verdict and judgment accordingly.

The sole question presented to us on this record is whether the jury, under the evidence, would have been warranted in awarding appellant punitive damages.    Since appellee not only violated its duty to appellant by not delivering the telegram, but offered no excuse at all therefor, the jury could hardly escape the conclusion that its conduct in the matter was so grossly careless as to indicate a total disregard of appellant's rights. In fact, they would have been warranted in believing that its failure to deliver was intentional; otherwise, some excuse would have been given therefor.    Of course, appellee knew that such an act was wrongful.    The imposition of punitive damages would therefore have been warranted, and the peremptory instruction ought not to have been granted.

*Reversed and remanded.*