POSTAL TELEGRAPH-CABLE CO. ET AL. *v.* ROSS.

[71 South. 904.]

1. TELEGRAPH AND TELEPHONE. *Failure to deliver messages. Penalty. Questions for jury.*

Under Laws 1908, chapter 76, the penalty of twenty-five dollars cannot be recovered for failure to deliver a message, the statute expressly applying only to delay in delivery or incorrect transmission.

2. TELEGRAPHS. *Telephones. Failure to deliver message. Question for Jury.*

Where a telegraph company failed to deliver a message within proper limits and on account of the negligence of its servants, failed to transmit the same with no excuse for such failure, and the addressee sued for punitive damages it was error to refuse to submit to the jury questions of punitive damages.

Appeal from the circuit court of Sunflower county.
Hon. E. E. Everett, Judge.

Suit by Gladys Ross against the Postal Telegraph-Cable Company and the Western Union Telegraph Company. From a judgment on peremptory instruction for plaintiff for statutory penalty and against plaintiff for punitive damages, both sides appeal.

This suit was begun by Gladys Ross against the Postal Telegraph-Cable Company and the Western Union Telegraph Company, for damages for the failure of the defendants to deliver a telegram sent by a relative from Utica, Miss., to the plaintiff at Inverness, Miss., apprising the plaintiff of the death of her grandmother. Plaintiff sues for the statutory penalty of twenty-five dollars, imposed by chapter 76 of the Laws of 1908, and also for punitive damages in the sum of two thousand dollars. The facts in evidence show that the telegram was delivered to the agent of the Western Union Telegraph Company at Utica, Miss., about seven o'clock p. m., July 1, 1914, and that the Western Union Telegraph Company had no line or office at Inverness, Miss., and that the message was sent to the relay of the Western Union Telegraph Company at Jackson, Miss., and there delivered by the agent of the Western Union Telegraph Company to the agent of the Postal Telegraph-Cable Company about ten twenty-five p. m., and that the message was then relayed through the office of the Postal Telegraph-Cable Company at Memphis, Tenn., being received at Memphis about eleven o'clock p. m. The Memphis operator called the Inverness office, but could not get a response, it being shown that the office at Inverness, Miss., closes at seven p. m., and does not reopen until seven a. m. The chief operator of the Postal Telegraph-Cable Company at Memphis testifies that he hung the message which had been relayed though his office on the hook where messages going in the direction of Inverness were placed, for the purpose of having it transmitted to Inverness the following morning after seven o'clock, when

the Inverness office would be open.  The message seems not to have been sent by any one afterwards, and was never transmitted to the plaintiff.  After the evidence was in, the court gave a peremptory instruction in favor of the Western Union Telegraph Company, and gave a peremptory instruction in favor of the Postal Telegraph-Cable Company so far as punitive damages were concerned, and a peremptory instruction in favor of the plaintiff for the statutory penalty of twenty-five dollars for failure to deliver the message.  The Postal Telegraph-Cable Company appeals, and the plaintiff prosecutes a cross-appeal.

*Campbell & Cashin,* for appellant.

*Moody & Williams, S. D. Neill* and *J. M. Forman,* for appellee.

Holden, J., delivered the opinion of the court.

The right of recovery of the statutory penalty of twenty-five dollars in this case is controlled by the rule announced in *Marshall* v. *Telegraph Co.,* 79 Miss. 154, 27 So. 614, 89 Am. St. Rep. 585, and *Western Union Telegraph Co.* v. *Hall,* 79 Miss. 623, 31 So. 202.  Therefore the lower court erred in granting the peremptory instruction in favor of the appellee for the statutory penalty; and the judgment, on direct appeal, is reversed and the cause remanded.  On the cross-appeal, the judgment of the lower court, refusing cross-appellant an instruction to the jury on punitive damages, under the facts in the case, was erroneous; and the judgment of the lower court, on cross-appeal, must be reversed, as this feature of the case is controlled by the law announced in *Steinberger* v. *Western Union Telegraph Co.,* 97 Miss. 260, 52 So. 691, and *Postal Telegraph Co.* v. *Christian,* 102 Miss. 845, 59 So. 933.

Reversed and remanded on direct and cross appeal.

*Reversed and remanded.*