JOHNSON *v.* WESTERN UNION TELEGRAPH CO.

[76 South. 738, Division B.]

TELEGRAPH AND TELEPHONES. *Failure to deliver telegram. Exemplary damages.*

Where in a suit against a telegraph company the declaration alleged that the company wantonly and wilfully refused to deliver a telegram, exemplary damages were recoverable if the averments of the declaration were true, even though no actual damages were suffered.

APPEAL from the circuit court of Hancock county.

HON. J. H. NEVILLE, Judge.

Suit by A. R. Johnson against the Western Union Telegraph Company. Demurrer to the declaration sustained, and judgment affirmed on appeal without opinion and plaintiff filed a suggestion of error. Suggestion of error sustained, former judgment set aside and cause remanded.

*Robert Genin* and *H. J. Boyle,* for appellant.

Appellee contends that punitive damages cannot be recovered because no actual damages are recoverable, we seriously contend that actual damages are recoverable in a former part of this brief. And we contend that we are at least entitled to recover the cost of the telegrams appellant sent making these offers if nothing else. *Alexander* v. *Western Union, supra.* But for the sake of presenting this question in the light in which the appellee sets it out in his demurrer and presuming that his honor the circuit judge may have decided that we were not entitled to actual damages and therefore not entitled to punitive damages, we will present the matter in that light.

Our courts have repeatedly held that where a public agent such as a Telegraph Company wilfully and wantonly failed and refused to perform a duty it accepts

to perform, it is liable in punitive damages, this rule has been announced in this state repeatedly. In all public service corporations especially in Railroad Cases. As to the recovery of punitive damages where no actual damages were suffered see *Western Union* v. *Hiller,* 93 Miss. 658, 47 So. 377; *Western Union Telegraph Company* v. *Watson,* 82 Miss. 101, 32 So. 76; *Western Union* v. *McKenzy,* 67 So. 647; *Western Union Telegraph Company* v. *Allen,* 66 Miss. So. 461.

It is true that the penalty given by statute has been declared unconstitutional, but the right to recover nominal and exemplary damages has remained the same in this state, since that decision was handed down in June, 1889.

In *Western Union* v. *Baker,* 69 So. 246, an Alabama Case, the court held that punitive damages can be recovered even though no actual damages are shown. We especially invite the court to the decision in the case *Steinberger* v. *Western Union Telegraph Company,* 52 So. 691. If the rule attempted to be invoked by the appellee is correct in this instance, all of the decisions where punitive damages have been allowed on interstate messages are wrong.

All of the cases above cited in which punitive damages were allowed, the telegrams were from one state to another. I know of no case where the court stated the rule to be that a superior officer or agent should authorize or ratify the wrong before the company is liable for punitive damages. It is useless to cite to this court decisions where our state has held that the act of any agent is the act of the company when within the scope of his authority. The appellee relied in the court below, on the case of *Telegraph Company* v. *Pendleton,* 122 U. S. 342, 7 Sup. Ct. Rep. 1126, that case was decided about the year of 1888. The Steinberger case is decisive of this question of the demurrer. There is nothing for this court to do but to reverse this case which plainly states a cause of action.

*Griffith & Wallace,* for appellee.

Beginning with the hornbook texts and going on down to the last and most elaborate we find, at page 310, Hale on Damages (a students Horn-book extensively if not generally used throughout the great law schools of the country): "In most jurisdictions the doctrine has become firmly established that exemplary damages, in addition to compensation for the loss actually suffered, may be awarded as a punishment to defendant, and a warning to others. But a civil action does not lie merely to inflict punishment. Some actual loss must be proved, though in a few jurisdictions a right to recover nominal damages has been held sufficient to sustain an allowance of exemplary damages."

At page 1080 of 27 Ency. Law, (2 Ed.): "Nor are such damages (punitive damages), recoverable except where there is proof of actual damage to the plaintiff."

And again Vol. 12, Id., pages 29, 30: "It is a general rule that in order to recover exemplary damages, there must be actual damages shown, though the elements otherwise authorizing the assessment of exemplary damages may exist, or as it has otherwise been expressed, exemplary damages can never constitute the basis of a cause of action."

At page 109. of Vol. 13 Cyc: "But as a rule it must be shown by the evidence that actual damages are due," and at page 119, Id: "In assessing the amount of exemplary damages, the damages awarded should bear some reasonable proportion to the real damage sustained."

Turning now to the more elaborate standard texts: The great work Thompson on Negligence would first occur, especially if looking for the rule stated strongest for the plaintiff, and we find: 6 Thompson on Negligence, 7170; 2 Sutherland on Damages, section 406; Jones on Telegraph and Telephones, sections 611; 1 Sedgwick on Damages (9 Ed. 1912), 361; 8 Ruling Case Law, p. 593, sec. 137.

Mr. Thompson says in his text Alabama is the one exception to the general rule, and he and the other writers all cite *Alabama, etc., R. R. Co.* v. *Sellers,* 30 Am. St. Rep. 17, and we find the facts of that case to be that the conductor having failed to stop at station "wilfully compelled the plaintiff to alight, in a driving rain, several hundred yards from any shelter, so encumbered with her child and baggage as to be unable to protect herself, and necessitating exposure to the elements while walking this distance." Here is a case of actual injury and harm; more than nominal damages could and should have been allowed, and in any event it was a case of nominal actual damages, falling under second head, *supra.* The authority of a decision is the result reached under the facts, not all the talk in the opinion.

The case *Hansley* v. *Jamesville, etc., R. Co.,* 117 N. C. 565, 32 L. R. A. 551, is cited by one text as supporting the supposed minority doctrine, but on examination it is found that punitive damages were disallowed altogether in that case. Also *Sanders* v. *Gilbert,* 156 N. C. 463, 38 L. R. A. (N. S.) 404, is cited, but we find that case really a direct authority for the rule contended for by us. It was a case where the plaintiff was pursued by defendant a member of a mob, and driven inside his home, and was shot at with a pistol by defendant while therein. It was a case where a grievous strongly and in forcible language to the actual harm and damage done. The Missouri cases will be noted further along.

All these cases, and we submit that every case from any court of last resort supposed to uphold appellant's contentions, will be found to come under the second head and kind respecting nominal damages as above set out herein—that is to say under head nominal actual damages.

The following Mississippi cases have sometimes been cited to lower courts within our observation as sustaining the contrary of the rule we here contend for. *Goings* v. *Robinson et al.,* 63 Miss. 500.

This case on the contrary was that a wilful trespass, a forcible physical invasion of plaintiff's rights, and the court says "the evidence discloses a real injury, although uncertain in extent." It is exactly in line and peculiarily illustrative of the very doctrine and distinction we are endeavoring to make plain in this brief. *Steinberger* v. *West. Union,* 97 Miss. 260; *Ellzey* v. *W. U. Tel. Co.,* 102 Miss. 691.

So in every Mississippi case where punitive damages have been allowed against telephone or telegraph companies. *Watson Case,* 82 Miss. 101, death message, and actual expenses; *Hiller Case,* 93 Miss. 658, sick message and traveling expenses; *Dodson Case,* 98 Miss. 745, death message similar to *Guess Case; Walters Case,* 63 So. 194, death message similar to last two; *Christian Case,* 59 So. 933, actual personal harm, inconvenience and suffering; *Pittman Case,* 66 So. 977, death message, and these are the only ones we are now able to find.

We have heard the following cases from other states cited as being against our contention herein: *Jacob Lambert* v. *Judge & Dolf Drug Co. et al.,* 238 Mo. 409, 37 L. R. A. (N. S.) —; *L. & N. R. R. Co.* v. *Smith,* 37 So. 490, and *Goodson* v. *Stewart,* 46 So. 239.

These cases are both of malicious trespasses on real property over the written protest of the owner. They are the kind of cases where the law presumes actual damages beyond nominal, it is a real injury. Also the South Carolina case of *Fields* v. *Lancaster,* 58 S. E. 608, which is a case of assault and battery; *Doster* v. *Telegraph Co.,* 77 S. E. 56, 57 S. E. 671; *Watts* v. *Railroad, Company,* 60 S. C. 67; *Press Pub. Co.* v. *Monroe,* 19 C. C. A. 429; *Hefley* v. *Baker,* 19 Kan. 9; *Schippel* v. *Norton,* 38 Kan. 567, 16 Pac. 804; *Adams* v. *Salins,* 58 Kan. 246, 48 Pac. 918;

*Bank* v. *Grain Co.,* 60 Kan. 30, 55 Pac. 277; *Cole* v. *Gray,* 70 Kan. 705, 79 Pac. 654; *Sondegard* v. *Martin,* 111 Pac. 442; *Stonestreet* v. *Crandall,* 10 Kan. App. 575, 62 Pac. 249; *Flannagin* v. *Womack,* 54 Tex. 45; *Giraud* v. *Moore,* 86 Tex. 675, 26 S. W. 945; *Trawick* v. *Martin,* 79 Tex. 460, and *Jones* v. *Matthews,* 75 Tex. 1.

We will not extend this brief by citations and comments at large on the long line of cases from the great number of states supporting the view contended for by us. They are, many of them, cited in the notes to the several texts we have quoted, *supra,* some of these cases so cited by these texts and additional ones may be found in great numbers in 15 Cent. Dig. Damages, 191; 7 Dec. Dig, Damages, 87 (2); and in the American Annual Dig. Key Number, 87.

COOK, P. J., delivered the opinion of the court.

PER CURIAM, *Affirmed.*

### ON SUGGESTION OF ERROR.

This was an action for the alleged failure of the Western Union Telegraph Company to deliver a certain telegram addressed to appellant and delivered to the telegraph company at its office in Louisville, Ky., to be transmitted and delivered to appellant at Bay St. Louis. The declaration charges that the telegram was not delivered, although the appellant called at the Bay St. Louis office of the company and inquired about the telegram, and was informed that no telegram had been received, addressed to appellant. The declaration avers that plaintiff suffered actual damages in the way of profits on account of defendant's failure to deliver the telegram, and also charges that the defendant company negligently, willfully, and wantonly failed to deliver the telegram, and demands punitive or exemplary damages. To this declaration a demurrer was interposed and sustained by the trial court, and plaintiff appealed to this court. On a former

day of this term the judgment of the trial court sustaining this demurrer was affirmed without an opinion. This case is again before us on suggestion of error.

When the case was first presented to us, and in its consideration, our attention was specially directed to the question as to whether the declaration made out a case for actual damages, and we then thought that the several telegrams which it was alleged passed between the plaintiff and certain parties in Louisville did not make out a case of actual damages. In other words, the several telegrams did not close a contract between the sender and the prospective purchaser; but, at best, it could only be said that the plaintiff may have lost an opportunity to close a contract if the telegram had been delivered. The several telegrams did not amount to a tender and acceptance of a proposition to sell and buy. *Telegraph Co.* v. *Criscoe,* 107 Miss. 37, 64 So. 933. We still adhere to that view.

It remains to decide whether plaintiff was entitled to exemplary damages, if the averments of his declaration are taken as true. The declaration states that the defendant wantonly and willfully refused to deliver the telegram. In many jurisdictions the courts of last resort have decided that, in the absence of actual damages, exemplar damages are not recoverable. But this court is committed to a contrary view in *Steinberger* v. *Western Union Telegraph Co.,* 97 Miss. 260, 52 So. 691. The suggestion of error is therefore sustained, and the former judgment will be set aside, and the cause remanded for further proceedings.

*Reversed and remanded.*