JOHN H. MARSHALL v. WESTERN UNION TELEGRAPH
COMPANY.*

1. TELEGRAPH COMPANY. *Constitutional law. Constitution of the United States, sec. 8, art. 1. Interstate commerce. Penalty.*

    A state statute, undertaking to impose a penalty on a telegraph company for delay in the transmission of a telegram from one state to another, interferes with interstate commerce, within the meaning of sec. 8, art., 1 of the federal constitution, empowering congress to regulate commerce among the states.

2. SAME. *Code 1892, § 4326.*

    Code 1892, § 4326, imposing a penalty on telegraph companies for failure to transmit correctly and deliver telegrams within a reasonable time. does not apply to a case of delay in transmitting.

*This case was decided at the March term, 1900; the record was misplaced, and hence it was not reported in 78 Miss.

FROM the circuit court of Monroe county.

HON. EUGENE O. SYKES, Judge.

Marshall, appellant, was plaintiff in the court below; the telegraph company was defendant there. This suit was brought to recover the statutory penalty of $25, and $75 damages for delay in the transmission and delivery of a message sent by appellant to one Terrill, of Quincy, Miss. On May 31, 1898, appellant was in Birmingham, Ala., *en route* to Quincy, Miss. He had with him three nieces, all infants, and sent a telegram to Terrill, at Quincy, Miss. (whose home was in the country, about one mile from the station), prepaid, asking the addressee to meet him at the station with a conveyance. When appellant reached Quincy the message had not been delivered. He made inquiry if the message had been received, and the operator told him it had not. He went to Terrill's house to get a conveyance, leaving the children at the depot, and when he returned with a conveyance, the message had been received. Several hours elapsed between the delivery of the message to the operator at Birmingham and the arrival of appellant at Quincy. Appellant was greatly disappointed and worried. A verdict and judgment for twenty-five cents and costs were rendered for the plaintiff, and he appealed to the supreme court.

*Gilleylen & Leftwich*, for appellant.

The case at bar presents a plain case for the operation of § 4326, code 1892, as to the item of statutory damages. The statute has no extra-territorial effect, but it must operate within the state.

The appellant, a resident of this state, made a contract with defendant, in Alabama, for the transmission of a telegram and its delivery to the sendee, in Mississippi. The telegraph company is also a resident of this state. The place of the performance of the contract was Quincy, Mississippi. The contract was entered into with reference to the law of Mississippi, and our statutes govern the matter of the breach of the contract,

no matter where the negligence. *Railoard Co.* v. *Doyle*, 60 Miss., 977; Bishop on Contracts, sec. 1393.

There can be no question of unreasonable delay in this case. The defendant was between four and five hours transmitting a telegram some one hundred and twenty-five miles. The face of the telegram itself disclosed the fact that the delivery at Quincy after the train arrived there from Birmingham would be useless.

But it is said by defendant's counsel, and so ruled by the court below, to grant statutory damages here would controvert the interstate commerce clause of the constitution of the United States. Such a view is erroneous. Counsel cites: *Alexander* v. *Telegraph Co.*, 66 Miss., 161; *Telegraph Co.* v. *Pendleton*, 122 U. S. Rep., 3407, which was later overruled, practically, in *Telegraph Co.* v. *James*, 162 U. S., 650.

In the Alexander case had appellant sued defendant under a statute of Tennessee like the one in Mississippi, and in the Tennessee courts for the statutory penalty, he could and would have recovered. *Telegraph Co.* v. *James, supra.*

Likewise in the case of *Telegraph Co.* v. *Pendleton, supra*, had the sender, a resident of the State of Indiana, enforced the Iowa statute in the Iowa courts, he would have recovered. The reason of the ruling in the Pendleton case is that the plaintiff attempted to give an Indiana statute an extra-territorial force. This was strikingly so, for there was shown in that case to be no delay in the transmission. The message was promptly transmitted from Shelbyville, Indiana, to Ottumwa, Iowa, where it lay in the hands of the defendant company an unreasonable length of time. After the latter decision, error at once arose in the minds of many lawyers and some courts. The reason for the decision was assumed to be that, because the message had to go from the sender in one state to the sendee in another, therefore, statutes of the class here under discussion were in contravention of the interstate commerce clause of the constitution of the United States; forsooth, that

because the message had to cross state lines, the state statutes did not apply, overlooking the real reason for the decision, viz.: that the cause and place of the delay was in another state than that whose statute was asked to be invoked, whereby such a statute must have an extra-territorial effect, which, in the nature of things, it could not have.    In *Alexander* v. *Telegraph Co.*, 66 Miss., 161, our court rested the view there expressed upon the decision in the Pendleton case.

When the James case, 161 U. S. 650, was decided, this error was at once dissipated.    There the message had crossed state lines; the sender lived in a different state from the sendee, but the latter enforced a state statute within a state where the wrong was done.    The contract between the sender and the telegraph company was entered into at Eufaula, Ala.    The place of residence of the sendee was Georgia.    That decision must be taken as final, that such statutes as the one under discussion are within the power of a state and constitutional.    The Georgia statute there enforced allowed statutory damages of $100.00, which was not held unreasonable—a *fortiori* is a $25.00 penalty reasonable.    The James case really reverses the Pendleton case as Shires and White, Justices, appear to think in their dissent.

In making this argument we assume, for argument's sake, for we do not think it really makes any difference, that the delay must occur in Mississippi for the statute to apply here, when the message is sent from one state to another.    But assuming such to be the law, when plaintiff traces to defendant a failure to transmit and deliver a telegram promptly in Mississippi, its destination, and when the cause of such failure might occur in Mississippi, or Alabama or Tennessee, the plaintiff may then rest his case, for the burden of proof at once shifts to defendant to exculpate itself as far as the Mississippi statutes and courts are concerned.    Defendant must know better than any one else can know the exact location of the cause of the delay of the telegram.    The application of

the rule in analogous cases will be instructive. *Richards* v. *Vaccaro,* 67 Miss., 516; *Giberson* v. *Jolly,* 120 Ind., 303; *Commissioner* v. *Clark,* 94 U. S., 285; *Collins* v. *Gilbert,* 94 U. S., 761; *Smith* v. *Shoe Co.,* 11 Wall., 139; *Thompson* v. *Armstrong,* 7 Ala., 256 ; *Rose* v. *Drinhard,* 35 Ala., 484 ; *McKasson* v. *Stranberry,* 3 Ohio St., 156; *Bank* v. *Trustees,* 62 Ga., 271; *Mathews* v. *Paythres,* 4 Ga., 287; *Bank* v. *Dorchester Bank,* 10 Cush., 488; *Hoskins* v. *Warren,* 115, Mass., 514; (1 Greenleaf on Evidence, sec. 78.)

Again, suppose we were to admit for argument's sake that the negligent act causing the delay occurred in Alabama. Then it is another case like the *Chicago, etc., R. R. Co.* v. *Doyle,* 60 Miss., 977, which was, said the Court, " a case of injuries commenced in one jurisdiction and completed in another."

That the plaintiff was due damages, we cite, *Westbrook* v. *M. & O. R. R. Co.,* 52 Miss., 777; *Railroad Co.* v. *Purnell,* 69 Miss., 652; *Railway Co.* v. *Higgins,* 64 Miss., 80; *James* v. *Illinois, etc., R. R. Co.,* 25 So. Rep., 490.

*Mayes & Harris* and *Bristow & Sykes,* for appellee.

That the plaintiff in this action was not entitled to recover the special damages claimed by him is conclusively settled by the cases of *Western Union Tel. Co.* v. *Foster,* Op. B. " R " p. 553 ; *Tel. Co.* v. *Clifton & Eckford,* 68 Miss., 307 ; *Jacobs* v. *Tel. Co.,* 76 Miss., 278; *Ragsdale* v. *Railroad Co.,* 62 Miss., 480.

The message in the case at bar was, " Meet us at west bound train at four o'clock." The special damages claimed by the plaintiff, as he shows, arose from his having to walk about a mile to get a conveyance for himself and family. There is no pretense that the telegraph company was in any way put upon notice of the fact that the plaintiff wanted a conveyance, or that he would have to walk a mile to get one. There was nothing to indicate that he was going to debark from the train at Quincy. Consequently, the special damages claimed were

not within the contemplation of the parties, and as above stated, that he cannot recover is conclusively settled by this court in the cases cited.

The only question which remains for consideration is whether the plaintiff is entitled to recover the statutory penalty of $25. We think it equally plain that he was not entitled to recover that.

In the first place, he is suing to recover this penalty under the Mississippi statute, and there is no evidence whatever that the Mississippi law was violated.

The message was, unquestionably, correctly transmitted, and it was delivered immediately upon its receipt at Quincy. The terms of our statute were literally complied with. There is no penalty affixed for delay in transmission merely, but delay in delivering the message. It must be delivered within a reasonable time, and in this case it was delivered immediately upon its receipt.

In the case of *Western Union Tel. Co.* v. *James*, 162 U. S., a suit was brought in Georgia to recover a penalty under the Georgia statute for a delay in the delivery of a message which occurred in the State of Alabama. The message was one sent from Eufaula, in the State of Alabama, to Blakeley, in the State of Georgia, and was received at Blakeley Nov. 4, but was not delivered until Nov. 5, clearly a case falling under the Georgia statute—an offense committed within the State of Georgia. The Court held that the penalty could be recovered.

In the case of *Western Union Tel. Co.* v. *Pendleton*, 122 U. S., 347, a message was sent from a point in Indiana to Ottumwa, in the State of Iowa. There was negligence in the State of Iowa in reference to the message. The suit was brought by Pendleton, the sender of the message, in the State of Indiana, to recover the penalty affixed by the Indiana statute for the failure of the telegraph company to promptly deliver the message at Ottumwa. This, then, was a case brought

in Indiana to recover a penalty prescribed by an Indiana statute for an offense which was committed in the State of Iowa.

There is no evidence in this case that there was any delay in this state in the transmission of the message. Whatever delay occurred, occurred in the State of Alabama.

The statute is a penal statute. The action, so far as this point of the discussion is concerned, is for the recovery of a penalty, and that being so, the burden of proof was on the plaintiff to bring himself within the terms of the statute. The conditions upon which the penalty must attach, must be affirma-tively shown to have existed. *Pilos* v. *Vanderbilt,* 31 N. Y., 265; *Allen* v. *Stevens,* 29 N. J. Law, 509; *Mayor, etc.,* v. *Walker,* 4th Ed. Smith, 258.

There is no presumption to be indulged when it comes to a question of the violaton of a law, that the law has been violated. On the contrary, the universal rule is that the presumption is just the other way. In other words, a party is not required to prove his innocence, but the party seeking to enforce the penalty must prove that the party proceeded against has been guilty of that infraction of the law which renders him liable to the penalty.

WHITFIELD, J., delivered the opinion of the court.

The message in this case was transmitted from Birmingham, Ala., to Quincy, Miss., correctly. The delay occurred either at Birmingham, in starting it, or in the transmission. There was nothing to show to which of these two causes the delay was due. The operator at Quincy promptly delivered it upon reception at that office. The action is to recover the penalty provided by § 4326 of the code of 1892, and the effort is to recover the penalty for failure to transmit the message " within a reasonable time, without good and sufficient reason." Counsel for appellant contend that *Telegraph Co.* v. *Pendleton,* 122 U. S., 347 (7 Sup. Ct., 1126 ; 30 L. Ed. 1187); has been overruled by *Telegraph Co.* v. *James,* 162 U. S., 650 ( 16

Sup. Ct., 934; 40 L. Ed. 1105), and that *Alexander* v. *Telegraph Co.*, 66 Miss., 161 (5 So., 397), has, by this last case, been modified.   Learned counsel misconceive the cases.   *Telegraph Co.* v. *Pendleton* was a suit in an Indiana court to inflict the penalty of an Indiana statute for a default which occurred wholly in Iowa.   The message was transmitted promptly to Ottumwa, Ia., but the agent there (transmission being ended) delayed delivery from there (the office of destination) to the sendee.   It was this failure by the operator at the office of destination, after transmission was ended, to promptly deliver to the sendee, that constituted the entire default.   And, this default occurring wholly in Iowa, the Indiana statute could not have extra-territorial application to it.

*Telegraph Co.* v. *James*, was a suit in Georgia, seeking under a Georgia statute to inflict the penalty of that statute in a Georgia court for a default which occurred wholly in Georgia. The statute was enforced, not extraterritorially, but for a default occurring wholly within the limits of the state under whose police power the statute was enacted.

The vital and distinguishing test between the cases is that in the Pendleton case the default occurred wholly without the state whose statute was invoked, and in the James case the default occurred wholly within the state whose statute was invoked.   In the James case, also, the default consisted wholly in the failure of the operator at the office of destination to deliver the telegram with due dilligence after its reception by him, transmission being ended.   He kept it from one evening until the next morning.

We understand both cases to hold that it is competent for a state, in the exercise of its police power, to enforce a reasonable penalty for a failure on the part of the company to deliver, within a reasonable time, without good excuse therefor, from the office of destination to the sendee, a telegram, transmission being wholly over.   And this the Alexander case holds. We also think it fairly deducible from both cases that a

state statute imposing a penalty for delay in the transmission of the message over the wires from one state to another state would be an interference with interstate commerce, within the meaning of the federal constitution (sec. 8 of article 1).

The language of Justice Peckham, at page 661, 162 U. S., page 938; 16 Sup. Ct., and page 1108, 40 L. Ed., " It is yet under the jurisdiction of the state where it is to be delivered (after its arrival therein at the place of delivery)," indicates this, as does the distinction drawn (see pages 659, 660, 162 U. S., page 937; 16 Sup. Ct., and page 1108, 40 L. Ed.) between state legislation that but incidentally affects commerce, such as was considered in *Smith* v. *Alabama*, 124 U. S., 465 (8 Sup. Ct., 564; 31 L. R. A., 508), and, which, at any rate, would be valid until congress should legislate upon the subject, such legislation being local in its nature, in aid of commerce, and the general duty of the company without the statute, and that other kind of state legislation, which seeks to regulate subjects so extensive and national in character that only congress could deal with them.

Whether we are correct, however, in this deduction from these two cases as to the voidness of state legislation seeking to regulate the transmission of messages from one state into another, we are satisfied that our statute (sec. 4326) does not impose a penalty for failure to transmit within a reasonable time, etc.  The statute seems to have been carefully drawn, so as to preserve the very distinction adverted to.  At all events, its language plainly limits the penalty as to tramission, to transmitting " incorrectly."  It is a penal statute and must be strictly construed.  If a statute should be enacted imposing a penalty for unexcused delay in transmission of an interstate message, where the evidence showed that the whole of such delay occurred between points in this state, a different case would be presented, though whether such a statute would be valid we do not say.  There is no showing in this case as to where the delay in transmission occurred, or whether the delay might not

have consisted in failing to start the dispatch promptly. And this is a suit for a penalty, not for damages caused by negligent transmission or delay in delivery. The rule announced in 25 Am. & Eng. Enc. Law, 831, and note 3, seems to apply to the latter class of suits. But, on our view of this case, this is immaterial. On the case before us, we think the learned circuit judge has reached the right conclusion—there being no proof of any recoverable, actual damages, and the judgment is

*Affirmed.*