MOBILE, JACKSON & KANSAS CITY R. R. Co. v HITT AND RUTHERFORD.

[55 South. 484.]

1. JUSTICE OF THE PEACE.  *Jurisdiction.  Amount in controversy.  Code 1906, § 2723.*

   Under Code 1906, § 2723, providing that ·"justices of the peace shall have jurisdiction of all actions for the recovery of debts or damages or personal property, where the principal of the debt, the amount of the demand, or the value of the property sought to be recovered, shall not exceed two hundred dollars," where the plaintiff honestly believes and contends for the recovery of a sum above the jurisdiction of a justice of the peace, the circuit court has a right to enter tain jurisdiction because in such case the amount demanded is the real amount in controversy between the parties and this fixes the jurisdiction.

2. SAME.

   But where there is no uncertainty as to how much the plaintiff seeks to recover, it can make no difference what amount is claimed in the declaration, if in truth, there is no real demand for a .sum sufficient to give the circuit court jurisdiction.

APPEAL from the circuit court of Union county.

HON. W. A. ROANE, Judge.

Suit by Hitt & Rutherford against the M. J. & K. C. R. R. Co. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Flowers, Alexander & Whitfield,* for appellant.

As the original declaration was against two carriers having connecting lines, for a demand of practically three hundred and thirty dollars, and one was settled with and eliminated, the action should have been dismissed as to the other carrier; the demand being actually less. than two hundred dollars.

*C. Lee Crum,* for appellee.

The pleadings when honestly made determine the question of jurisdiction as to amount in controversy. *Fern* v. *Harrington,* 54 Miss. 733; *Rass* v. *R. R. Co.,* 61 Miss. 12; *Martin* v. *Harding,* 52 Miss. 694; *Ball et al.* v. *Sledye,* 82 Miss. 749.

When a court once acquires jurisdiction of a person or the subject-matter of litigation the jurisdiction cannot be taken away by the occurrence of subsequent events, because the jurisdiction of a court depends upon the state of things at the time of the institution of the suit and not upon a state of facts existing at the time of the trial. *Morgan* v. *Morgan,* 2 Wheat. (U. S.) 290; *Mollan* v. *Turrance,* 9 Wheat. (U. S.) 537; *Dunn* v. *Clarke,* 8 Pet. (U. S.) 1; *Connolly* v. *Taylor,* 2 Pet. (U. S.) 556; *U. S.* v. *Dawson,* 15 Howard (U. S.) 467; *Culver* v. *Woodruff Co.,* 5 Dill. (U. S.) 392; *Gilmer* v. *Grand Rapids,* 16 Fed. Rep. 708; *Raymond* v. *Butterworth,* 139 Mass. 471; *Tapley* v. *Martin,* 116 Mass. 275.

Mayes, C. J., delivered the opinion of the court.

This suit was instituted in the circuit court of Union county. The first declaration filed by appellees was jointly against the Mobile, Jackson & Kansas City Railroad Company and the St. Louis & San Francisco Railroad Company. The purpose of the suit was to recover the sum of three hundred twenty-nine dollars and twenty cents claimed as damage to cotton belonging to appellees and occasioned by the failure of the two railroads to transport and deliver certain shipments of cotton made by them from Ingomar to Memphis over the lines above indicated. The damage is alleged to have been sustained both because of delay in the shipment and because of negligence in handling the cotton. It is alleged that the negligence consisted in allowing the cotton to be exposed to the weather, and that it injured and rotted some of

the cotton. The amount claimed in the first suit was three hundred twenty-nine dollars and twenty cents as the entire damage done to the cotton. The first declaration was filed some time in January, 1907. Some time later, and before the trial of the suit, it appears that the St. Louis & San Francisco Railroad Company paid to appellees the sum of one hundred and fifty dollars on account of this alleged injury. This was a part of the amount claimed to be due for damage in the original declaration. In February, 1908, nearly a year after the filing of the first declaration, an amended declaration was filed, and in this amended declaration the suit was dismissed as to the St. Louis & San Francisco Railroad Company, and brought against the Mobile, Jackson & Kansas City Railroad Company alone. The damage claimed in the amended declaration is the same as that demanded in the original declaration, and for damages to the same cotton, although one hundred and fifty dollars had been received as a payment for a part of this damage; the one hundred and fifty dollars being paid by the St. Louis & San Francisco Railroad Company. This, of course, left only a balance of about one hundred seventy-nine dollars and twenty cents. On the trial of the case, Mr. Rutherford, one of the plaintiffs, testified that the only damage that he ever claimed on account of the cotton was in the sum of three hundred twenty-nine dollars and twenty cents; that the Frisco System had paid him one hundred and fifty dollars of this amount as their damage, and he discharged them. In other words, it appears from the testimony of Mr. Rutherford that the only damage he ever claimed was done to this cotton amounted to the sum of three hundred twenty-nine dollars and twenty cents; that prior to the filing of the amended declaration he received one hundred and fifty dollars from the Frisco Railroad Company as the part of the damage admitted to be due him by that system. Since the damage claimed for the entire cotton on ac-

count of delay and neglect was three hundred twenty-nine dollars and twenty cents, and one hundred and fifty dollars of this was paid at the date the amended declaration was filed against the Mobile, Jackson & Kansas City Railroad Company, the circuit court was without jurisdiction. At the time the amended declaration was filed, the real amount claimed could only be one hundred seventy-nine dollars and twenty cents.

Section 2723, Code of 1906, provides that "justices of the peace shall have jurisdiction of all actions for the recovery of debts or damages, or personal property, where the principal of the debt, the amount of the demand, or the value of the property sought to be recovered shall not exceed two hundred dollars." The amount of the demand in this case was not above one hundred seventy-nine dollars and twenty cents, and this is shown by the undisputed testimony of the plaintiff himself. The case of *Griffin* v. *McDaniel,* 63 Miss. 121, is directly in point on the facts of this case, and distinguishes the cases of *Fenn* v. *Harrington,* 54 Miss. 733, and *Ross* v. *Natchez R. R. Co.,* 61 Miss. 12. In the *Griffin case, supra,* it is held that, where the plaintiff honestly believes and contends for the recovery of a sum above the jurisdiction of a justice of the peace, the circuit court has a right to entertain jurisdiction, because in such case the amount demanded is the real amount in controversy between the parties, and this fixes the jurisdiction; but where, as in this case, there is no uncertainty as to how much the plaintiff seeks to recover, it can make no difference what amount is claimed in the declaration, if in truth there is no real demand for a sum sufficient to give the circuit court jurisdiction. In short, whatever may be the allegation of damages in the declaration, if the facts in the case show beyond dispute that the sum sought to be recovered is less than two hundred dollars, and that this fact is known to plaintiff when he sues, the circuit court has no jurisdiction to entertain the suit.

*Reversed and remanded.*