Mobile & Ohio Railroad Co. *v.* Greenwald & Champenois

[61 South. 426]

1. Interstate Commerce.  *Delay in settling claims.  Laws 1908, chapter 196.  Court's jurisdiction.  Amount of demand.  Penalty.*

   Chapter 196, Laws 1908, prescribing a penalty of twenty-five dollars to be recovered by shippers from railroads that fail to settle claims for damages to freight within prescribed limits, is not void as an attempt to regulate commerce between the states.

2. Courts.  *Jurisdiction.  Amount of demand.*

   Where the amount demanded was one hundred and ninety dollars and the penalty of twenty-five dollars provided by chapter 196, Laws 1908, for failure of railroads to settle claims for damaged freight, the circuit court was the proper forum in which to bring suit, the penalty not being a mere incident, like cost, to the suit for damages.

3. Same.

   In such case the court on appeal will not reverse the case, because the jury, by its verdict, merely found against the defendant, and in favor of plaintiff, but did not find the damages of the plaintiff, there being no real conflict in the evidence as to the amount which should have been awarded, and the court rendered judgment for the full amount declared for.

Appeal from the circuit court of Lauderdale county.

Hon. Jno. L. Buckley, Judge.

Suit by *Greenwald & Champenois* against the Mobile & Ohio Railroad Company.  From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Baskin & Wilbourn,* for appellant.

*Fewell & Cameron,* for appellees.

No brief of counsel on either side found in the record.

104 Miss. 27

COOK, J., delivered the opinion of the court.

Appellees obtained judgment for two hundred and fifteen dollars against appellant for damages to a mule occurring in its transportation from Tupelo to Meridian. The suit was filed against the Mobile & Ohio Railroad Company and the St. Louis & San Francisco Railroad Company, jointly, for actual damages to the mule, one hundred and ninety dollars, and for twenty-five dollars damages for the failure of the railroad company to settle the claim for damages within the time prescribed by chapter 196 of the Laws of 1908.

To this declaration a demurrer was interposed, upon the grounds: (a) The circuit court was without jurisdiction, because the suit was for less than two hundred dollars; (b) that chapter 196 of the Laws of 1908 is in violation of the interstate commerce clause of the national Constitution. This demurrer was overruled.

The verdict of the jury was as follows: "We, the jury, decide for plaintiff against the Mobile & Ohio R. R. Co." Upon this verdict the court entered a judgment against appellant for two hundred and fifteen dollars.

Appellant says that the judgment should be reversed for two reasons, viz.: Because the court erred in overruling its demurrer; and because the court erred in entering the judgment for two hundred and fifteen dollars on the verdict of the jury, the jury having failed therein to assess the damages to be recovered by plaintiff.

We will consider the constitutional question first. Appellant cites two cases decided by this court to support its contention that chapter 196 of the Laws of 1908, prescribing a penalty of twenty-five dollars to be recovered by shippers from railroads that fail to settle claims for damages to freight within the prescribed limits, is void as an attempt to regulate commerce between the states. The first case is *Alexander* v. *Telegraph Co.*, 66 Miss. 162, 5 South. 397, 3 L. R. A. 71, 14 Am. St. Rep. 556, and

the second is *Marshall* v. *Telegraph Co.,* 79 Miss. 154, 27 South. 614, 89 Am. St. Rep. 585.

In *Alexander* v. *Telegraph Co.,* it is decided that the statutory penalty cannot be recovered for a failure to deliver a telegram sent from Starkville, Miss., to Chattanooga, Tenn. We think this decision correctly announces the law. It is undoubtedly true that the penal statutes of a state can have no extraterritorial effect. The state cannot penalize an omission of duty occurring wholly within another jurisdiction. In *Marshall* v. *Telegraph Co.,* the question here involved is not decided at all, because the court said that the statute did not penalize delays in the transmission of telegrams.

It is certain that this court in neither of the cases cited has said anything tending to support appellant's contention. In *Marshall* v. *Telegraph Co., supra,* Judge WHITFIELD cites and comments upon *Western Union Telegraph Co.* v. *James,* 162 U. S. 650, 16 Sup. Ct. 934, 40 L. Ed. 1105, which case is directly in opposition to appellant's view of the law.

The Supreme Court of the United States, in *Western Union Telegraph Co.* v. *Crovo,* 220 U. S. 364, 31 Sup. Ct. 399, 55 L. Ed. 498, decided April 3, 1911, puts this question entirely at rest. In that case Judge LURTON states the question decided in this way: "The only question for decision is whether a statute of the state of Virginia, which imposes a penalty for the failure to transmit a dispatch received at an office of the company in the state for transmission to a person in another state, is a valid exercise of the power of the state; the delay occurring in the state." After reviewing other cases decided by that court, Judge LURTON announces the court's opinion upon the validity of a state statute penalizing a failure to transmit a message sent from one state to be delivered in another state, as follows: "The requirement of the Virginia statute as here applied is a valid exercise of the power of the state, in the absence of legislation by con-

gress. It is neither a regulation of, nor a hindrance to, interstate commerce, but is in aid of that commerce."

It will be observed that Judge WHITFIELD, when he said in *Marshall* v. *Telegraph Co.,* 79 Miss. 161, 27 South. 615, 89 Am. St. Rep. 585, "We also think it fairly deducible from both cases that a state statute imposing a penalty for delay in the transmision of the message over the wires from one state to another state would be an interference with interstate commerce, within the meaning of the Federal Constitution (section 8 of article 1)," interpreted the decisions of the United States Supreme Court differently from that court's subsequent interpretation thereof in *Telegraph Co.* v. *Crovo, supra.*

It is idle to discuss the relative value of the decisions of this court and the decisions of the Supreme Court of the United States upon questions involving the interpretation of the national Constitution, as, right or wrong, we are bound by the decisions of the latter tribunal. So we conclude that the court below did not err in overruling the demurrer challenging the validity of chapter 196 of the Laws of 1908.

Coming, now, to the first ground of demurrer, that the circuit court was without jurisdiction to try the case. The declaration demands judgment for actual damages and for the penalty of twenty-five dollars, making in all two hundred and fifteen dollars. It is contended that the amount which controls the jurisdiction of the court is the actual damages inflicted upon the mule, and that the penalty is a mere incident to the suit, like interest and costs. In the many cases touching the jurisdiction of the justice of the peace and circuit courts, in none do we find any aid in the solution of this question. The precise point seems never to have been raised; if so, the case has not been called to our attention, and we have found no such case. The penalty inflicted by the statute does not depend upon the railroad's contract to transport the freight. The railroad may be ever so derelict in its duties and

grossly unmindful of its contractual obligations, and still the penalty does not follow. For the negligent loss of, or damage to, freight the company is responsible; but this alone forms no basis for the recovery of the statutory penalty. The penalty arises from the failure and refusal to settle the claim for damages; and this must be disclosed and proven independently before the penalty may be recoverable. There must be a claim made, it is true; but the settlement of the claim does not necessarily defeat the right to recover the penalty.

While the recovery of the penalty depends upon the right to recover actual damages, yet it is not necessary that suit be brought for actual damages before a suit is maintainable for the penalty. The railroad company may have paid the claim after the time limit had expired, but this would not defeat the right to recover the penalty. We decide that the circuit court was the proper court in which to bring this suit, the amount of demand being in excess of two hundred dollars.

The jury, by its verdict, merely found against appellant, but did not find the damages of the plaintiff. Upon this state of the record, the court rendered judgment for the full amount declared. This is assigned as error, and it is earnestly urged that for this error the judgment must be reversed, and the cause remanded, if for no other reason, because there was a conflict in the evidence upon the *quantum* of damages. We have given very careful consideration to the evidence disclosed by the record, and, properly understood and interpreted, we believe that there is no real conflict in the evidence. A casual reading of the testimony of the veterinary surgeon would disclose an apparent conflict between him and the other witnesses with reference to the value of the animal after the injury; but a more careful reading has convinced us that his opinion of value was mere vague conjecture, or estimation, and could have no weight with the jury. If the case should be reversed, the question of the amount of dam-

ages alone would be submitted to the jury, and as we believe from the record that the finding would necessarily correspond with the amount for which judgment was given, we are of opinion that a reversal would be unwarranted.

*Affirmed.*