St. Louis & S. F. Ry. Co. *v.* Benton County.

[96 South. 689. No. 23274.]

1.  Constitutional Law. *All provisions in pari materia construed together.*

    In construing a provision of the Constitution, all sections *in pari materia must be considered together, and the meaning and the purpose determined* the scheme or plan or provision considered as a whole.

2.  Constitutional Law. *Schools and school districts. All legislative power not prohibited by Constitution directly or by necessary implication vested in legislature; law authorizing counties to*

levy ad valorem tax to support common schools before, during, or after expiration of four-months term not unconstitutional. All legislative power is vested in the legislature, not prohibited by the Constitution, either directly or by necessary implication; and where sections 201, 205, and 206 of the Constitution are read and construed together with section 7388, Hemingway's Code (section 4572, Code of 1906), authorizing counties to levy an *ad valorem* tax to support the common schools, before, during, or after the expiration of the four-months term is not unconstitutional.

3. Schools and School Districts. *Consolidated school districts not "separate school districts."*

A consolidated school district, created under section 4002, Hemingway's Code (Laws of 1916, chapter 180), is not a separate school district, within the meaning of section 7388, Hemingway's Code.

Appeal from circuit court of Benton County.
Hon. —— ——, Judge.
Action by the St. Louis & San Francisco Railway Company against Benton County. From a judgment for defendant, plaintiff appeals. Affirmed.

*R. J. Gresham,* for appellant.

The point here is this: If the county school fund as declared by section 206 of the Constitution consists of the poll tax and distribution from the state treasury, then the board of supervisors are not empowered to levy an additional tax and add to that fund to be used before, during, or after the four months required by Constitution. If then this levy under section 7388 is not a part of the general county school fund, but a special fund, the board of supervisors cannot levy that tax on the property of the consolidated school district without a petition so to do. It therefore seems to us that section 7388 conflicts with the Constitution and is also in conflict with section 4002, of Hemingway's Code.

The question is therefore submitted to the court on the question as to whether or not the board of supervisors has

the authority to levy a tax on the consolidated school property without a petition, and also whether or not section 7388 is in conflict with section 206, of the Constitution, and also whether or not there is a conflict between sections 4002 and 7388, Hemingway's Code.

*Lester G. Fant,* for appellee.

The St. Louis & San Francisco Railway Company objects to paying common school tax in consolidated school district, or rather in that part of the consolidated school district lying between Hickory Flat and Potts Camp, situated in Benton county, this particular district being made up of parts of Benton and Marshall counties.

The county of Benton was sued by the St. Louis & San Francisco Railway Company for a refund of the taxes paid, under the levy by the board of the two mill tax for common school purposes, claiming that because separate school districts were exempted from paying this common school tax, that a consolidated school district ought also, because it is in effect a separate school district.

Section 7388 of Hemingway's Code, provides that: "The board of supervisors are empowered to levy annually, for public schools, a tax upon the taxable property of the county, which is outside the limits of any separate school district." Were it not for the provision of the substantive law eliminating from the common-school tax, separate school districts, why the board would have authority to levy the tax on the separate school district, as well as the rest of the county.

The attempt is made to argue that it should not apply to a consolidated school district, because no petition has been filed for it. There is no provision in the statute for a petition for the common school tax to be levied. Nor is it any concern of the Railway Company how the poll tax or the state distribution of school funds shall be applied. They own property in the consolidated school dis-

trict, and their property is not exempted from school taxes, even though they have no children to educate.

The entire question raised in this suit was settled in the case of *Trustees of Walton* v. *Covington County,* 115 Miss. 117. Judge ETHRIDGE in his very able opinion in this case, defined what a consolidated school district is, and says it is simply a common school district where two or more existing schools have been consolidated into one single school district. This being the case, it is not a separate school district. Consequently, the board of supervisors had a right to levy the tax on the railway company, and the railway company has no right to collect this tax back from the county, after having paid it, whether paid under protest or otherwise.

In view of this decision in 115 Miss., we do not deem any further argument necessary.

ETHRIDGE, J., delivered the opinion of the court.

This is an action by the appellant for the refund of the two-mill school tax assessed by the board of supervisors of Benton county upon all property not situated in a separate school district in said county under the provisions of section 4572, Code of 1906 (Hemingway's Code, section 7388), which reads as follows:

"The board of supervisors are empowered to levy annually for public schools a tax upon the taxable property of the county, which is outside the limits of any separate school district, and may levy an additional poll tax of not exceeding one dollar on each male inhabitant liable to pay a poll tax; all to be collected as other taxes for general purposes, and at the same time, and to be paid into the county treasury to the credit of the school fund; and such taxes shall be receivable only in lawful currency of the United States, and shall be used for the maintenance of the public schools before, during or after the expiration of the four months required by the Constitution. When two hundred qualified electors, outside of separate school districts, shall petition the board of supervisors to

levy a certain tax for the extension of the school term of the county, the board of supervisors, within not less than twenty days nor more than forty days, shall submit the proposition to the qualified electors, outside of separate school districts, of the county at an election, and if a majority of those voting shall vote for the tax the board of supervisors shall levy said tax at the time other county taxes are levied, on all property in the county subject to taxation which is not situated within a separate school district, and shall continue from year to year to levy the same tax until another election is held, as is provided for in this section; provided, the boards of supervisors in those counties where the tax is now being levied shall have the power to continue levying the tax without an election. And every municipality, being a separate school district, may in like manner levy and collect such taxes for the maintenance of schools."

The attack made upon the action is predicated upon the theory that this section of the Code is unconstitutional, because in conflict with section 206 of the Constitution, in that the section provides:

"And shall be used for the maintenance of the public schools before, during or after the expiration of the four months required by the Constitution."

Section 206 of the Constitution reads as follows:

"There shall be a county common school fund, which shall consist of the poll tax, to be retained in the counties where the same is collected, and a state common school fund, to be taken from the general fund in the state treasury, which together shall be sufficient to maintain the common schools for the term of four months in each scholastic year. But any county or separate school district may levy an additional tax to maintain its schools for a longer time than the term of four months. The state common school fund shall be distributed among the several counties and separate school districts in proportion to the number of educable children in each, to be determined from data collected through the office of the state superintendent of education in the manner to be prescribed by law."

It is contended that this section requires the public schools to be operated four months from the fund appropriated by the state coupled with the poll tax retained in the county; that the provision in the section, "which together shall be sufficient to maintain the common schools for the term of four months in each scholastic year," followed by the provision that the county or any separate school district may levy an additional tax to maintain its schools for a longer term than four months, operates as a restriction and limitation prohibiting the county to levy anything for the support of the schools during the four-months public term.

In order to determine the meaning of the Constitution upon the subject, it is necessary to construe all the provisions of the Constitution together, and to deduce from them as a whole the policy and purpose of the constitutional convention. Section 201 of the Constitution provides:

"It shall be the duty of the legislature to encourage, by all suitable means, the promotion of intellectual, scientific, moral, and agricultural improvement, by establishing a uniform system of free public schools, by taxation or otherwise, for all children between the ages of five and twenty-one years, and, as soon as practicable, to establish schools of higher grade."

Section 205 reads as follows: "A public school shall be maintained in each school district in the county at least four months during each scholastic year. A school district neglecting to maintain its school four months, shall be entitled to only such part of the free school fund as may be required to pay the teacher for the time actually taught."

Taking these provisions together, it is clear that the constitutional convention contemplated a public school term of not less than four months; that the state should contribute enough funds in connection with the poll tax to run the schools four months. It was also made the duty of the legislature to encourage by all suitable means the

"promotion of intellectual, scientific, moral, and agricultural improvement," by establishing free public schools by taxation or otherwise. The language relied on in section 206 of the Constitution is not a limitation on the power of the legislature, but is an admonition, injunction, or command to the legislature to make sufficient appropriation to maintain the public schools in each county for this length of time. There is no method known to the law by which the legislature can be controlled and made to carry out the obligation imposed by the Constitution, and it is a matter of history that in many counties the appropriation made by the legislature, taken with the poll tax, was insufficient to run the public schools four months and pay the teachers the salary provided by law, and that the public schools of such counties must be less than four months, or there must be some method of enabling the counties to supplement the fund provided by the state. Confronted with this situation, the statute above set out was enacted and has been operated under for several years.

We held in the cases of *Miller* v. *State,* 94 So. 706, and *Miller* v. *State,* 94 So. 716, that the legislature had all power not taken from it by the Constitution in express terms or by necessary implication, and it was there held that the legislature was not limited by section 206 of the Constitution from appropriating funds for the support of the public schools beyond the four-months term, and that it could appropriate money for this purpose without distributing under the provisions of section 206 of the Constitution. We are therefore of the opinion that the legislature had authority to pass the statute in question, and that the statute is not subject to the objections made.

It was also urged in favor of the unlawfulness of the tax levy that in certain consolidated districts a tax was levied without a petition therefor under section 4002, Hemingway's Code, providing for taxes for the support of consolidated schools. This section has no application to the controversy before us, because the tax was levied under the provisions of section 7388, Hemingway's Code, cover-

ing the entire county outside of the separate school district. The consolidated school district is not a separate school district. *Trustees Walton School* v. *Covington County,* 115 Miss. 117, 75 So. 833.

The court below having reached the same conclusion, the judgment will be affirmed.

*Affirmed.*