# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-IA-00456-SCT

*ANDY TURNER ARANT, JR. AND DEBRA PRYSOCK ARANT*

*v.*

*JERRY LEE HUBBARD, JR. AND CAROLYN W. HUBBARD*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/9/1999 |
| TRIAL JUDGE: | HON. MARGARET CAREY-McCRAY |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | PRO SE |
| ATTORNEY FOR APPELLEES: | EDWARD J. BOGEN, JR. |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED AND REMANDED - 08/22/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/12/2002 |

### EN BANC.

### COBB, JUSTICE, FOR THE COURT:

¶1. The sole issue raised in this interlocutory appeal is whether Mississippi justice courts have exclusive jurisdiction, or share concurrent jurisdiction with circuit courts, in civil cases in which the amount in controversy exceeds $200 but not $2,500.

## FACTS AND PROCEEDINGS BELOW

¶2. Jerry Lee Hubbard, Jr. and Carolyn W. Hubbard sued Andy Turner Arant, Jr. and Debra Prysock Arant in the Sunflower County Circuit Court for $871.85 in alleged damages arising out of the sale of a residence. The Arants, believing this matter to lie within the exclusive jurisdiction of the justice court, filed a motion to dismiss, which was denied. This Court granted the Arants permission to bring this interlocutory appeal pursuant to Rule 5 of the Mississippi Rules of Appellate Procedure.

¶3. We conclude that the justice court and the circuit court share concurrent jurisdiction in matters in which the amount in controversy exceeds $200 but not $2,500, and thus this matter might be properly brought in either the justice court or the circuit court. The circuit judge was correct in denying the Arants' motion to dismiss, and we remand this matter to the circuit court for proceedings in accord with this opinion.

## STANDARD OF REVIEW

¶4. The Arants' motion to dismiss raised a question of law which we review de novo. *Lofton v. United States*, 785 So. 2d 287, 289 (Miss. 2001).

## DISCUSSION

¶5. The terms "original jurisdiction," "exclusive jurisdiction," "maximum jurisdiction" and "concurrent jurisdiction" appear throughout the two constitutional provisions and two statutes which together pronounce the jurisdictional law applicable in this case. Unfortunately, the terms are not defined within the documents. Further difficulty comes from the lack of uniformity in the use of some of these terms as the constitution and statutes have been amended. Thus we must consider every word carefully and rationally in order to determine the boundaries of the jurisdiction of the circuit court and the justice court.

¶6. "Original jurisdiction" and "exclusive jurisdiction" are distinct concepts.[1] Miss. Const. art. 6, §156, grants to the circuit courts "**original** jurisdiction in all matters civil and criminal in this state not vested **by this Constitution** in some other court...." (emphases added). Miss. Const. art. 6, §171 provides that "[t]he **maximum** civil jurisdiction of the justice court shall extend to causes in which the principal amount in controversy is Five Hundred Dollars ($500.00) or such higher amount as may be prescribed by law...." (emphasis added). It is important to note that neither section 156 nor section 171 mentions **"exclusive"** or **"concurrent"** civil jurisdiction of either justice courts or circuit courts, although section 171 does mention both in the context of criminal jurisdiction.[2]

¶7. Justice court jurisdiction as set by our Constitution was last amended in 1975, upon ratification by the electorate, to add the words "**maximum civil**" before "jurisdiction" and to increase the amount in controversy to "**$500 or such higher amount as may be prescribed by law.**" Miss. Const. art. 6, §171 & Editor's Note (emphases added). In 1995, the Legislature prescribed that the justice court "shall have jurisdiction of all actions for the recovery of debts or damages or personal property . . . not to exceed Two Thousand, Five Hundred Dollars ($2,500.00)." Miss. Code Ann. § 9-11-9 (Supp. 2001). Key to our decision in the present case is the fact that neither of these amendments used the term **"exclusive"** jurisdiction.

¶8. This Court's reading of sections 156 and 171 of the 1890 Constitution together with sections 9-7-81 (1991) and 9-11-9 (Supp. 2001) leads to the conclusion that the jurisdiction of the justice and circuit courts is concurrent over actions wherein the amount in controversy lies between $200 and $2,500.

¶9. The Arants argue that section 156 grants jurisdiction only in those matters which have not already been committed to some other court and that section 171 commits those cases under $2,500 in controversy to the justice courts. However, they fail to note that section 156 grants jurisdiction to the circuit courts in those causes "not vested **by this Constitution** in some other court...." (emphasis added). It is not the same thing for the Legislature to vest a certain range of jurisdiction in the justice courts, which it does in Code section 9-11-9, as it is for the Constitution to do so. Of course, the Legislature's authority for setting the jurisdictional maximum derives from the Constitution; but that does not give section 9-11-9 constitutional force, any more than any other law enacted by the Legislature in accordance with its constitutional powers thereby becomes "constitutional" and not "legislative."

¶10. There is a presumption that acts of the legislature are valid. *Chamberlin v. City of Hernando*, 716

So. 2d 596, 601 (Miss. 1998) (citing ***Clark v. State ex rel. Miss. State Med. Ass'n***, 381 So. 2d 1046, 1048 (Miss. 1980)). "It is a well-recognized rule in construing statutes that presumptions are indulged against contradictory provisions or enactments." ***T.C. Fuller Plywood Co. v. Moffett***, 231 Miss. 382, 388, 95 So. 2d 475, 478 (1957) (citing 82 C.J.S. *Statutes* § 316, p. 547). It is therefore unnecessary to suppose that section 9-11-9 with its $2,500 amount in controversy for the justice courts somehow "repeals by implication" section 9-7-81. Because it is not necessary, this Court will not consider the possibility, for we have often held that our rules of construction disfavor finding repeal by implication. ***Roberts v. Miss. Republican Party State Exec. Comm.***, 465 So. 2d 1050, 1051-52 (Miss. 1985); ***Brown v. McCoy***, 362 So. 2d 186, 189 (Miss. 1978) ("repeal is limited to situations where later statutes are plainly, unavoidably, and irreconcilably repugnant to an earlier enactment").

¶11. Here, it is logical to infer that the Legislature intended that justice and circuit courts have concurrent jurisdiction over certain actions, specifically those civil actions involving less than large sums of money. This was accepted as common practice as the maximum amount in controversy allowed to be heard in justice courts was increased by amendments, over a period of twenty years, from $200, to $500, to $1,000 and then to $2,500.

¶12. Although the Arants maintain that concurrent jurisdiction cannot exist without its being specifically and explicitly created, they cite no confirming authority for this assertion. On the contrary, it appears well-established that any ambiguity as to whether an existing grant of jurisdiction has been revoked is to be resolved in favor of finding that jurisdiction continues to vest:

> In dealing with statutes intended to affect or claimed to affect the continuance of jurisdiction in courts of **original and general authority** the law has **always recognized a principle of construction which served to favor the retention of jurisdiction**. As long ago as Charles II, it was laid down as something well settled and understood, that the jurisdiction of the King's bench could not be ousted without **particular words** in acts of parliament . . . . [T]he language of an act designed to divest [a] court of its jurisdiction . . . **must express the intent with such clearness as to leave no room for doubt**. Indeed the authorities are very numerous and striking, that before it can be claimed that an act is to have the effect to absolutely divest a jurisdiction which has regularly and fully vested, the law in favor of it must be **clear and unambiguous.**

***Crane v. Reeder***, 28 Mich. 527, 1874 WL 6345, at *3 (1874) (citations omitted & emphases added); *see also* ***Daou v. Harris***, 678 P.2d 934, 937-38 (Ariz. 1984) (en banc) ("presumption is in favor of retention rather than divestiture of jurisdiction"). Adopting this position, this Court holds that existing jurisdiction is not to be inferred as having been withdrawn where the constitutional or legislative pronouncement to that effect is not clear and unambiguous.

¶13. Had the Legislature intended to vest "exclusive" jurisdiction for amounts under $2,500 in the justice court, it could have said so. It could have amended or repealed section 9-7-81 of the Mississippi Code, and it could have said "exclusive" jurisdiction when it raised the dollar amount from $500 to $1,000 and later to $2,500 in section 9-11-9. "First, we presume that the legislature, when it passes a statute, knows the existing laws." ***Daou***, 678 P.2d at 938; *see* ***Seward v. Dogan***, 198 Miss. 419, 436, 21 So. 2d 292, 294 (1945); ***Cumberland Tel. & Tel. Co. v. State***, 99 Miss. 1, 11, 54 So. 446, 448 (1911).

¶14. It well may be true that it is time to increase the exclusive jurisdiction of the justice courts. Sound policy arguments regarding the workload of the circuit courts could be adduced in support of this

proposition. But concurrent jurisdiction may also be an expression of legislative policy to offer citizens a choice between the circuit and justice courts. The bottom line remains, however, that the structure of the Constitution and of the related statutes clearly dictates that setting such policy is the Legislature's duty, not the duty of this Court.

## CONCLUSION

¶15. The exclusive jurisdiction of the justice courts is thus limited to amounts not exceeding $200, and the circuit courts and justice courts have concurrent jurisdiction for amounts between $200 and $2,500, unless and until the Legislature adopts a statute explicitly providing otherwise. The fact that the vast majority of the circuit courts and justice courts in this state have adhered to this logical reading of the Constitution and these statutes for many years gives added weight to this construction.

¶16. This Court therefore affirms the circuit court's order denying the Arants' motion to dismiss and remands the case for further proceedings consistent with this opinion.

¶17. **AFFIRMED AND REMANDED.**

**McRAE AND SMITH, P.JJ., DIAZ, CARLSON AND GRAVES, JJ., CONCUR. WALLER, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY PITTMAN, C.J., AND EASLEY, J.**

**WALLER, JUSTICE, DISSENTING:**

¶18. I respectfully dissent because I believe the justice court has exclusive jurisdiction of this matter.

**I. Determination of Jurisdiction between the Justice Court and the Circuit Court is Predicated on the Amount in Controversy.**

¶19. Article 6, § 171 of the Mississippi Constitution provides that the "maximum civil jurisdiction of the justice court shall extend to causes in which the principal amount in controversy is Five Hundred Dollars ($500.00) or such higher amount as may be prescribed by law. . . ." Miss. Code Ann. § 9-11-9 (Supp. 2001) establishes that "[j]ustice court judges shall have jurisdiction of all actions for the recovery of debts or damages or personal property, where the principal of the debt, the amount of the demand, or the value of the property sought to be recovered shall not exceed Two Thousand Five Hundred Dollars ($2,500.00)." Finally, Article 6, § 156 of the Mississippi Constitution provides that the "circuit court shall have original jurisdiction in all matters civil and criminal in this state not vested by this Constitution in some other court."

¶20. Over one hundred years ago, the Court recognized that the language of the then-new § 156 created a "residuary grant" of jurisdiction in the circuit courts. *See* ***Whitney v. Hanover Nat'l Bank***, 71 Miss. 1009, 1021 (1894). Section 156, the Court said, "manifests the policy of enlarging the domain of chancery, and limiting that of the court of law." *Id*. at 1021. In other words, when deciding jurisdictional matters, one looks first to the Constitution to see if that document has placed the matter at issue within the jurisdiction granted to some other court. If not, then by default, the issue falls to the circuit court for decision. Further, "constitutional provisions should be read so that each is given maximum effect and a meaning in harmony with that of each other." ***Dye v. State ex rel. Hale***, 507 So. 2d 332, 342 (Miss. 1987) (citing ***St. Louis & San Francisco Ry. v. Benton County***, 132 Miss. 325, 330, 96 So. 689, 690 (1923)). "To the extent that conflict may appear, specific provisions . . . control over general provisions." *Id*. (citing 16 Am. Jur. 2d

*Constitutional Law* § 103 n.6 (1979)) (emphasis added). Thus, by creating the justice courts and specifically defining the limits of their civil jurisdiction, the Constitution divested the circuit courts of jurisdiction over matters placed exclusively within justice court jurisdiction.

¶21. The Constitution and the Code were once in harmony concerning the civil jurisdictional boundary between justice courts and circuit courts. Section 171 of the Constitution originally vested the justice courts with civil jurisdiction up to $200.00. Miss. Const. of 1890, art. 6 § 171. Simultaneously, the Code vested the circuit courts within "original jurisdiction in all actions when the principal of the amount in controversy exceeds two hundred dollars. . . ." Miss. Code Ann. § 9-7-81 (1991). However, the Constitution was amended in 1975 to reflect a new jurisdictional limit for the justice courts, that being "causes in which the principal amount in controversy is Five Hundred Dollars ($500.00) or such higher amount as may be prescribed by law. . . ." Miss. Const. of 1890, art. 6 § 171 (as amended). It is, of course, axiomatic that in cases where a legislative enactment conflicts with a constitutional provision, the constitutional provision controls. *See, e.g., **Newell v. State***, 308 So. 2d 71, 77 (Miss. 1975); 16 Am. Jr. 2d *Constitutional Law* § 58 (1998). Thus, the portion of Miss. Code Ann. § 9-7-81 (1972) that vested circuit courts with jurisdiction of amounts in controversy greater than $200.00 was repealed by implication with the enactment of the 1975 amendment to § 171 of the Constitution.

## II. Jurisdiction of Amounts Between Five Hundred Dollars and Two Thousand Five Hundred Dollars is Not Concurrent.

¶22. The majority holds that the new § 171 grants exclusive jurisdiction to the justice courts only up to $500.00, and concurrent jurisdiction between the justice and circuit courts for amounts between $500.00 and whatever limit the Legislature sets. However, the grant of authority to the circuit courts is residuary, admitting by definition of the ability to limit that authority to those matters "not vested by [the] constitution in some other court." In passing the new § 171, the electorate vested in the justice courts jurisdiction over any amount in controversy that the Legislature deems appropriate. In other words, the jurisdictional limit of the justice courts is not limited, by *constitutional decree*, only by the judicious exercise of legislative fiat.

¶23. The Constitution is not a *grant* of power, but rather "only a limitation as far as the legislature is concerned." 16A Am. Jur. 2d *Constitutional Law* § 276 (1998). As such, "[i]f limitations upon the exercise of the lawmaking function are not found in the constitution, they do not exist." *Id.* Simply put, the Constitution does not prohibit itself from delegating to the Legislature authority to set justice court jurisdictional limits, thus, it may do so.

¶24. There is not simply an absence of limitation on the Legislature, but a *specific grant* of authority to it. This situation makes even stronger the view set forth above, "for where a power is expressly given by the constitution and the mode of its exercise is prescribed, such mode is exclusive of all others." 16 Am. Jur. 2d *Constitutional Law* § 70 (1988).

¶25. The use of the disjunctive "or" in the amendment admits of a *choice* to be made between competing limits. If one choice is selected, the other is automatically forfeited. Thus, if the Legislature decrees a higher jurisdictional limit for the justice court than $500.00, that limit as originally set in the constitution is no longer in effect. *See also **Mobile, J.&K.C.R. Co. v. Hitt & Rutherford***, 99 Miss. 679, 55 So. 484 (1911) (the circuit court may lose jurisdiction if, after suit is instituted, a compromise reduces the amount sued for to below the circuit court jurisdiction); ***Mobile & O.R. Co. v. Greenwald & Champenois***, 104 Miss. 417, 61 So. 426 (1913) (actual and statutory damages may be combined to achieve the necessary amount in

controversy to attain circuit court jurisdiction).

¶26. Further evidence of this view is revealed by the many sections of both the Constitution and statutes in which the Legislature saw fit to specifically impart "concurrent" jurisdiction. *See, e.g.*, Miss. Code Ann. § 9-11-9 (1972 & Supp. 1995); Miss. Code Ann. § 9-7-81 (1991); Miss. Code Ann. §§ 9-9-1, et seq. (1991). Indeed, even § 171 of the Constitution grants to the justice court "jurisdiction concurrent with the circuit court over all crimes whereof the punishment prescribed does not extend beyond a fine and imprisonment in the county jail." This language clearly strengthens the view that the circuit court is divested of all civil jurisdiction granted to the justice court. If it were otherwise, the Constitution would have specified concurrent civil jurisdiction, as it did with petty crimes.

¶27. Pursuant to the 1975 amendment to § 171, the Legislature was granted the authority to raise the civil jurisdictional limit of the justice courts by enactment of statute. Since then, the justice courts' jurisdiction has been raised twice: to $1,000 in 1986 and to $2,500 in 1995. Miss. Code Ann. § 9-11-9 (1972 & Supp. 1995). As explained above, there is no concurrent jurisdiction with the circuit courts in this regard. Consequently, the civil jurisdictional boundary between justice courts and circuit courts is now $2,500.

¶28. The Hubbards have sued for damages of less than $2,500. Therefore, the circuit court erred in denying the Arants' motion to dismiss. I therefore would reverse and render.

### PITTMAN, C.J., AND EASLEY, J., JOIN THIS OPINION.

1. These terms are defined in *Black's Law Dictionary* 856 (7th ed. 1999) as follows:

> - "**exclusive jurisdiction.** A court's power to adjudicate an action or class of actions to the exclusion of all other courts . . . . Cf. *concurrent jurisdiction*."

> - "**original jurisdiction.** A court's power to hear and decide a matter before any other court can review the matter. Cf. *appellate jurisdiction*."

*See also **In re Steen***, 160 Miss. 874, 901, 134 So. 67, 75 (1931) (Ethridge, J. dissenting) (original not same as exclusive jurisdiction) (citing *Words & Phrases*, 2d series, vol. 3, p. 798).

2. Interestingly, Section 171, in its criminal jurisdiction provisions, states that justice courts have "jurisdiction **concurrent** with circuit courts over all **crimes** whereof the punishment prescribed does not extend beyond a fine and imprisonment in the county jail...." (emphasis added). That same sentence goes on to say that "the Legislature may confer on the justice courts **exclusive** jurisdiction in such petty misdemeanors as the Legislature shall see proper." (emphasis added).