WALLER, J.,
Dissenting.
¶ 18. I respectfully dissent because I believe the justice court has exclusive jurisdiction of this matter.
I. Determination of Jurisdiction between the Justice Court and the Circuit Court is Predicated on the Amount in Controversy.
¶ 19. Article 6, § 171 of the Mississippi Constitution provides that the “maximum civil jurisdiction of the justice court shall extend to causes in which the principal amount in controversy is Five Hundred Dollars ($500.00) or such higher amount as may be prescribed by law....” Miss.Code Ann. § 9-11-9 (Supp.2001) establishes that “[jjustice court judges shall have jurisdiction of all actions for the recovery of debts or damages or personal property, where the principal of the debt, the amount of the demand, or the value of the property sought to be recovered shall not exceed Two Thousand Five Hundred Dollars ($2,500.00).” Finally, Article 6, § 156 of the Mississippi Constitution provides that the “circuit court shall have original jurisdiction in all matters civil and criminal in this state not vested by this Constitution in some other court.”
1! 20. Over one hundred years ago, the Court recognized that the language of the then-new § 156 created a “residuary grant” of jurisdiction in the circuit courts. See Whitney v. Hanover Nat’l Bank, 71 *616 Miss. 1009, 1021, 15 So. 33 (1894). Section 156, the Court said, “manifests the policy of enlarging the domain of chancery, and limiting that of the court of law.” Id. at 1021, 15 So. 33. In other words, when deciding jurisdictional matters, one looks first to the Constitution to see if that document has placed the matter at issue within the jurisdiction granted to some other court. If not, then by default, the issue falls to the circuit court for decision. Further, “constitutional provisions should be read so that each is given maximum effect and a meaning in harmony with that of each other.” Dye v. State ex rel. Hale, 507 So.2d 332, 342 (Miss.1987) (citing St. Louis & San Francisco Ry. v. Benton County, 132 Miss. 325, 330, 96 So. 689, 690 (1923)). “To the extent that conflict may appear, specific provisions ... control over general provisions.” Id. (citing 16 Am. Jur.2d Constitutional Law § 103 n. 6 (1979)) (emphasis added). Thus, by creating the justice courts and specifically defining the limits of their civil jurisdiction, the Constitution divested the circuit courts of jurisdiction over matters placed exclusively within justice court jurisdiction.
¶21. The Constitution and the Code were once in harmony concerning the civil jurisdictional boundary between justice courts and circuit courts. Section 171 of the Constitution originally vested the justice courts with civil* jurisdiction up to $200.00. Miss. Const, of 1890, art. 6 § 171. Simultaneously, the Code vested the circuit courts within “original jurisdiction in all actions when the principal of the amount in controversy exceeds two hundred dollars.... ” Miss.Code Ann. § 9-7-81 (1991). However, the Constitution was amended in 1975 to reflect a new jurisdictional limit for the justice courts, that being “causes in which the principal amount in controversy is Five Hundred Dollars ($500.00) or such higher amount as may be prescribed by law....” Miss. Const, of 1890, art. 6 § 171 (as amended). It is, of course, axiomatic that in cases where a legislative enactment conflicts with a constitutional provision, the constitutional provision controls. See, e.g., Newell v. State, 308 So.2d 71, 77 (Miss.1975); 16 Am. Jr.2d Constitutional Law § 58 (1998). Thus, the portion of Miss.Code Ann. § 9-7-81 (1972) that vested circuit courts with jurisdiction of amounts in controversy greater than $200.00 was repealed by implication with the enactment of the 1975 amendment to § 171 of the Constitution.
II. Jurisdiction of Amounts Between Five Hundred Dollars and Two Thousand Five Hundred Dollars is Not Concurrent.
¶ 22. The majority holds that the new § 171 grants exclusive jurisdiction to the justice courts only up to $500.00, and concurrent jurisdiction between the justice and circuit courts for amounts between $500.00 and whatever limit the Legislature sets. However, the grant of authority to the circuit courts is residuary, admitting by definition of the ability to limit that authority to those matters “not vested by [the] constitution in some other court.” In passing the new § 171, the electorate vested in the justice courts jurisdiction over any amount in controversy that the Legislature deems appropriate. In other words, the jurisdictional limit of the justice courts is not limited, by constitutional decree, only by the judicious exercise of legislative fiat,
¶ 23. The Constitution is not a grant of power, but rather “only a limitation as far as the legislature is concerned.” 16A Am. Jur.2d Constitutional Law § 276 (1998). As such, “[i]f limitations upon the exercise of the lawmaking function are not found in the constitution, they do not exist.” Id. Simply put, the Constitution does not prohibit itself from delegating to the Legisla *617 ture authority to set justice court jurisdictional limits, thus, it may do so.
¶ 24. There is not simply an absence of limitation on the Legislature, but a specific grant of authority to it. This situation makes even stronger the view set forth above, “for where a power is expressly given by the constitution and the mode of its exercise is prescribed, such mode is exclusive of all others.” 16 Am.Jur.2d Constitutional Law § 70 (1988).
¶ 25. The use of the disjunctive “or” in the amendment admits of a choice to be made between competing limits. If one choice is selected, the other is automatically forfeited. Thus, if the Legislature decrees a higher jurisdictional limit for the justice court than $500.00, that limit as originally set in the constitution is no longer in effect. See also Mobile, J. & K.C.R. Co. v. Hitt & Rutherford, 99 Miss. 679, 55 So. 484 (1911) (the circuit court may lose jurisdiction if, after suit is instituted, a compromise reduces the amount sued for to below the circuit court jurisdiction); Mobile & O.R. Co. v. Qreenwald & Champenois, 104 Miss. 417, 61 So. 426 (1913) (actual and statutory damages may be combined to achieve the necessary amount in controversy to attain circuit court jurisdiction).
¶ 26. Further evidence of this view is revealed by the many sections of both the Constitution and statutes in which the Legislature saw fit to specifically impart “concurrent” jurisdiction. See, e.g., Miss. Code Ann. § 9-11-9 (1972 & Supp.1995); Miss.Code Ann. § 9-7-81 (1991); Miss. Code Ann. §§ 9-9-1, et seq. (1991). Indeed, even § 171 of the Constitution grants to the justice court “jurisdiction concurrent with the circuit court over all crimes whereof the punishment prescribed does not extend beyond a fine and imprisonment in the county jail.” This language clearly strengthens the view that the circuit court is divested of all civil jurisdiction granted to the justice court. If it were otherwise, the Constitution would have specified concurrent civil jurisdiction, as it did with petty crimes.
¶ 27. Pursuant to the 1975 amendment to § 171, the Legislature was granted the authority to raise the civil jurisdictional limit of the justice courts by enactment of statute. Since then, the justice courts’ jurisdiction has been raised twice: to $1,000 in 1986 and to $2,500 in 1995. Miss. Code Ann. § 9-11-9 (1972 & Supp.1995). As explained above, there is no concurrent jurisdiction with the circuit courts in this regard. Consequently, the civil jurisdictional boundary between justice courts and circuit courts is now $2,500.
¶ 28. The Hubbards have sued for damages of less than $2,500. Therefore, the circuit court erred in denying the Arants’ motion to dismiss. I therefore would reverse and render.
PITTMAN, C.J., AND EASLEY, J., JOIN THIS OPINION.